## VROMAN VS. DEWY.—First Case.

*Trial* de novo *on appeal from justice's suit in forcible entry and unlawful detainer.*

The appellant from a judgment in justice's court in forcible entry and unlawful detainer, is entitled, in all cases, to a trial *de novo*.

APPEAL from the Circuit Court for *Waukesha* County. *Small & Westover*, for appellant (defendant below), relied on sec. 17, chap. 157, R. S.

*E. Hurlbut, contra*, cited secs. 205, 217, chap. 120, R. S.

COLE, J. This action was commenced before a justice, on a complaint for forcible entry and unlawful detainer of real property. The defendant put in an answer denying all the allegations of the complaint, and gave notice of special matter. The issue was tried by the justice, who found the defendant guilty, and ordered that the plaintiff have restitution of the premises. The justice likewise imposed a fine of ten dollars, and taxed the costs against the defendant at $6.23. From this judgment the defendant duly perfected his appeal, giving the bond required by section 17, chap. 151, R. S., and making and filing his affidavit that the appeal was made in good faith, and not for the purpose of delay. In the circuit court, the defendant demanded a trial *de novo* by a jury, to which the plaintiff objected, and which objection was sustained. The cause was then tried by the court on the return of the justice. The question upon the record is, Was the defendant entitled to a trial *de novo* in the circuit court? We think he was.

Section 17, chap. 151, provides, that "if either party shall feel aggrieved by the verdict of the jury or decision of the justice, he may appeal within ten days as in other cases tried before justices of the peace." Now, although this chapter, relating to actions of forcible entry and unlawful

detainer, is silent as to the manner the appeal shall be determined in the appellate court, yet we have no doubt that the intention was to give the party appealing a new trial if he should demand it. Where a statute gives an appeal, but says nothing as to how the cause shall be tried in the appellate court, we suppose the fair implication is, that there is to be a new trial. But it is said, because the language used in the 17th section above cited refers to the general statute authorizing appeals from judgments rendered by justices of the peace, the provisions of this latter statute must control in the matter, and determine whether a party is entitled to a new trial in the appellate court, or not. This language is, that "the party aggrieved may appeal within ten days, as in other cases tried before justices of the peace." But this language relates rather to the manner of perfecting the appeal, and the steps necessary to be taken in order to bring the cause to a trial, than to the trial itself. It cannot determine the question whether the justice's act is, in all its provisions, applicable to and controlling in these actions of forcible entry and detainer. This is a special remedy given by the statute to obtain the possession of real estate. The proceeding is exceedingly prompt and summary, frequently involving important principles of law, and the right to the possession of property worth thousands of dollars. Now the justice's act provides, that the appeal taken under that statute shall be heard in the appellate court on the original papers and return of the justice, where the judgment, exclusive of costs, does not exceed fifteen dollars. Sec. 217, chap. 120, R. S. But this obviously refers to money demands and actions to recover personal property. It is not strictly applicable to actions of forcible entry and detainer. For, suppose the justice or the jury in such an action should find for the defendant; or should find the defendant guilty, but no fine should be

imposed; and the aggrieved party takes his appeal.  How should the case be tried in the appellate court?  On the original papers and return of the justice?  It appears to us not, but that the cause should be tried in the appellate court as cases originally brought there.  For in all cases the object of the action is to obtain the possession of real estate, the value of which, in most if not in every case, far exceeds fifteen dollars.  And therefore, in analogy to the ruling in actions of replevin, where it is held that it was the intention of the legislature to give the party dissatisfied with the judgment in such actions the right to appeal in all cases where the effect of the proceedings before the justice was to give the prevailing party the possession of property of a value exceeding fifteen dollars, although there was not technically a judgment for that amount (*McCaffrey vs. Nolan*, 1 Wis., 361; *Weizen vs. McKinney*, 2 id., 288), so in this class of actions we are disposed to hold, that the party appealing is entitled to a trial *de novo* in the appellate court, even if there is not a judgment against him, exclusive of costs, exceeding fifteen dollars.  This, we think, was the intention of the legislature, and the result of the statutes upon the subject.  And since the defendant was entitled to a new trial in the circuit court, the judgment must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*—Ordered accordingly.