KNEELAND-MCLURG LUMBER COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*May 12—June 18, 1928.*

*W. K. Parkinson* of Phillips, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

DOERFLER, J. The contract was in writing. For the construction of each station, being one hundred feet of grade construction, the plaintiff agreed to pay the sum of $10.80. The claimant and others who co-operated with him in the construction work were by the terms of the contract obligated to furnish their own tools and material. Furthermore, they were at liberty to pursue any means by them deemed proper and desirable in the construction of the specified grade. The details of the work were left to be performed in accordance with their own judgment, without any dictation on the part of the plaintiff.

All of the provisions of the contract are clearly and definitely persuasive that the parties thereto had in mind the creation of the relationship of independent contractor or contractors, and not that of employer and employee. In his testimony before the Commission the claimant repeatedly admitted that the company or its representatives had absolutely no control whatsoever over the details of the work, and that the manner of performance was entirely within the

discretion and power of the claimant and those who co-operated with him in the work.

It is true that the claimant testified that if the work was not properly performed plaintiff's superintendent would exercise his power of discharge. It is clear that what the claimant intended by "discharge" merely signified that if the grade workers were incompetent or failed in any respect in the proper construction of the grade, the agreement with respect to those breaching the contract would be canceled. While the superintendent inspected the work on the grade almost daily, he did so merely for the purpose of obtaining proper ultimate results, and whatever directions he gave to the workers on the grade were given solely with the view of accomplishing the proper ultimate results.

Counsel for the claimant and the Industrial Commission take the position that the alleged written contract constituted a mere camouflage for the purpose of hiding the actual relationship that existed between the parties, which they insist is that of employer and employee. Nothing contained in the record supports this contention. The work in all respects proceeded in accordance with the contract and with the specifications contained therein. The inspection from day to day by the superintendent was similar to that of an architect pursuant to a building contract.

The principles announced in *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452, when applied to this case, control the same, with the result that the judgment must be reversed.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with instructions to enter judgment vacating the award of the Industrial Commission.