THRESHERMEN'S NATIONAL INSURANCE COMPANY, Plaintiff and Respondent, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Defendants: MYER, Defendant and Appellant.

*March 3—April 1, 1930.*

For the appellant there was a brief by *Hanitch, Hartley, Johnson & Fritschler,* attorneys, and *Maynard Berglund* of counsel, all of Superior, and oral argument by *Clarence J. Hartley.*

For the respondent there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Oscar T. Toebaas.*

For the defendant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *Herbert H. Naujoks,* assistant attorneys general.

FRITZ, J.    Hans Myer, husband of the defendant Olga Myer, was killed at Markville, Minnesota, on June 21, 1927, while engaged, as one of a crew of men, in loading logs for James A. Corcoran, a pulp-wood operator residing at Webster, Wisconsin.    From time to time, for several years, one Carpenter had loaded pulp wood for Corcoran at various places in Wisconsin.    Under Corcoran's arrangement with Carpenter, the latter furnished the necessary crew and equipment for the loading, for which he was paid from fifty to

seventy-five cents per cord by Corcoran. No contract was made for any definite period or specified quantities. An employee of Corcoran was present at every job. He attended to the shipping and billing of loaded cars, and, as Corcoran's representative, could have terminated further performance by Carpenter and his crew at any time, if the loading had not been done properly; but otherwise Carpenter supervised and controlled the work and his employees.

About a year prior to Myer's death Carpenter had arranged with Myer for the latter's services and equipment on some loading jobs, in consideration of sharing equally with Carpenter in the profits. That arrangement had proven unsatisfactory to Myer, and thereupon they had arranged that for Myer's services and the use of his equipment Carpenter should pay to Myer, in addition to one half of the profits, $3 per day, which he was paying to all of his other employees. Myer was not to suffer any part of any losses. There never were any dealings or arrangements directly between Corcoran and Myer. With those arrangements in vogue, Corcoran, in Wisconsin, requested Carpenter to load the pulp wood at Markville, Minnesota, which was about nine miles from Danbury, Wisconsin, where Myer and Carpenter resided. Carpenter, at Danbury, requested Myer to help with the loading at Markville, and thereafter Carpenter's crew, including Myer, loaded Carpenter's and Myer's equipment on wagons and transported it from Danbury to Markville. The work at Markville was to take about seven days, and Myer was injured on the fourth day. At that time Carpenter was not carrying any compensation insurance and had not otherwise complied with sec. 102.28 (2), Stats., although he had carried such insurance prior to working on the Markville job.

The trial court rightly concluded that Carpenter was an independent contractor within the rule laid down in *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452;

*Miller & Rose v. Rich,* 195 Wis. 468, 218 N. W. 716; *Knee-land-McLurg L. Co. v. Industrial Comm.* 196 Wis. 402, 220 N. W. 199; and *Medford L. Co. v. Industrial Comm.* 197 Wis. 35, 221 N. W. 390; and also that Myer was an employee of Carpenter, and not his partner.

However, the court erred in concluding that because Carpenter was an independent contractor, Myer, as an employee of Carpenter (who was not carrying compensation insurance nor complying with sec. 102.28 (2), Stats.), was not entitled to compensation under secs. 102.03 to 102.35, from Corcoran, for injuries sustained by Myer while performing work which Carpenter had contracted to perform for Corcoran.

Sec. 102.06, Stats., so far as here material, provides:

*"Joint liability of employer and contractors.*. An employer subject to the provisions of sections 102.03 to 102.34, inclusive, shall be liable for compensation to an employee of a contractor or subcontractor under him who is not subject to sections 102.03 to 102.34, inclusive, or who has not complied with the conditions of subsection (2) of section 102.28 in any case where such employer would have been liable for compensation if such employee had been working directly for such employer."

The conditions imposed by sub. (2) of sec. 102.28 are that an employer liable under the statute to pay compensation shall insure payment of such compensation in some authorized insurance company, unless expressly granted exemption therefrom upon application to the Industrial Commission under the special circumstances stated in the statute. As there was a failure on Carpenter's part to comply with the conditions of sub. (2) of sec. 102.28 at the time of Myer's injury, Corcoran is liable, under sec. 102.06, to Myer as an employee of Carpenter, provided Corcoran would have been liable for compensation if Myer had been working directly for Corcoran. That proviso brings us to the

further conclusion of the trial court, that the Industrial Commission was without jurisdiction to enter the award because, inasmuch as the Markville contract was entirely separate from the other work done by Carpenter for Corcoran and was to be performed entirely in the state of Minnesota, the decision in the case of *Wandersee v. Industrial Comm.* 198 Wis. 345, 223 N. W. 837, controls. In that case it was held that a nonresident employee who had not performed any services in Wisconsin, and whose services under the contract of employment were to be performed entirely outside of Wisconsin, never became subject to the provisions of the compensation act, and that act never became part of his employment contract, even though it was made in Wisconsin, where the employer resided. The case at bar is distinguishable in several material respects. All of the parties were residents of Wisconsin. All loading previously done by Carpenter for Corcoran, and by Myer for Carpenter, had been performed solely in Wisconsin, and, for all that appears, none of them contemplated any further activity in Minnesota than the work of about a week at Markville. Corcoran's request to Carpenter, as well as Carpenter's request to Myer, to work at Markville, was made in Wisconsin. That work necessarily involved the loading and transportation of the required equipment from Danbury, Wisconsin, to Markville, for but temporary use in Minnesota, and then the return thereof to Danbury. Thus, it was necessarily within the contemplation of the parties that the commencement as well as the completion of performance was to occur in Wisconsin. Consequently Myer and Carpenter, as well as Corcoran, were subject to the provisions of the compensation act, as the Industrial Commission concluded in making an award for death benefits in favor of Olga Myer and against Corcoran and the plaintiff, as insurance carrier. *Anderson v. Miller Scrap Iron Co.* 169

Wis. 106, 170 N. W. 275, 171 N. W. 935; *Zurich. G. A. & L. Ins. Co. v. Industrial Comm.* 193 Wis. 32, 213 N. W. 630. The judgment setting aside that award must be reversed, with directions to enter judgment affirming the award of the commission.

As the foregoing conclusions control the final disposition of this case, we refrain from discussion of other contentions presented by counsel, except to refer to the following matter of practice: In a report by Corcoran to the Industrial Commission regarding the accident, Corcoran designated himself as the employer, and by his testimony before the commission he tried to subject the plaintiff herein, as the insurance carrier, to liability for death benefits. Thus, as was subsequently confirmed by Corcoran's answer to the complaint in this action, Corcoran was interested adversely to the plaintiff in relation to its alleged cause of action herein. As the award of the Industrial Commission was against the plaintiff herein as well as against Corcoran, plaintiff, as an aggrieved party, was entitled, under sec. 102.23, to commence this action against the commission for the review of that award. As was said in *Employers Mut. L. Ins. Co. v. McCormick,* 195 Wis. 410, 412, 217 N. W. 738:

"The fact that the employer did not consent to the commencement of this action or to the prosecution of this appeal is not material, because the contract of insurance issued by the plaintiff carrier gave 'it the right to represent the employer and made it the duty of the carrier to fully assume liability for any award of compensation made against the employer. This provision of its policy gave the plaintiff insurance carrier, standing in the shoes of and representing the employer, the right to maintain an action to set aside the award against the employer."

Corcoran, having in proceedings before the commission unequivocally admitted facts and taken a stand adversely to

the plaintiff and favorable to Olga Myer, could not consistently join in allegations which were necessary in order to state a cause of action in the complaint for the setting aside of the award. Consequently, the circumstances were such that Corcoran could not consistently join as a plaintiff in the allegations of the complaint. As far as the plaintiff herein was concerned, Corcoran was an "adverse party," to all intents and purposes, within the meaning of secs. 260.09, 260.11, and 102.23. As his consent was not obtainable, plaintiff could rightly join Corcoran as a party defendant, upon stating the reason therefor in the complaint. Sec. 260.12.

*By the Court.*—Judgment reversed, with directions to enter judgment affirming the award of the Industrial Commission.