GITLITZ, Appellant, vs. PLANKINTON BUILDING PROPERTIES, INC., and others, Defendants: PLANKINTON BUILDING COMPANY, Respondent.

*May 18—June 21, 1938.*

For the appellant there was a brief by *Dougherty, Arnold & Kivett* of Milwaukee, and oral argument by *Suel O. Arnold*.

For the respondent there was a brief by *Upham, Black, Russell & Richardson,* attorneys, and *Fraley N. Weidner* and *Howard R. Johnson* of counsel, all of Milwaukee, and oral argument by *Mr. Weidner* and *Mr. Johnson*.

FOWLER, J. The plaintiff had been occupying the premises described in the preceding statement of facts as a dress shop since April, 1929, and had built up a lucrative business. Her lease expired July 1, 1937, and had approximately ten months to run when the remodeling referred to in the preceding statement commenced, and eight months to run when she commenced her suit.

The suit is for an injunction against closing the arcade both pending suit and perpetual on its termination, and for $2,000 damages. The complaint does not specify the particular damages for which recovery is sought, but they would be recoverable for injuries resulting from wrongful conduct of defendants up to the time of commencement of the suit and during its pendency if an injunction had been finally granted. Also such resulting damages are recoverable although injunctional relief was properly denied. Defendants in their brief accept as correct the statements made in plaintiff's brief that "it is well settled that a lessee whose beneficial use and enjoyment of leased premises are interfered with or destroyed in whole or in part by the lessor or others acting under his authority, may maintain an action in tort against the lessor to recover the damages occasioned by him." An injunction may be granted to restrain torts that interfere with property rights. 32 C. J. p. 129, § 171. In conceding that action lay to recover damages resulting from tortious conduct of the defendants in interfering with the plaintiff's rights under her lease, defendants also conceded that injunction lay to restrain such conduct if the circumstances were such as to make injunctional relief equitable.

The plaintiff claims that an injunction should have been granted in the instant case. Assuming that the conduct of the lessor in closing the arcade was tortious, the tortious conduct was in the nature of a trespass. The claim is that by closing the arcade the plaintiff's rights of ingress and egress

to her store were interfered with. She acquired those rights "under the general rule that those rights essential to the enjoyment of the demised premises pass as appurtenant thereto . . . although not specified [in the lease], or the word 'appurtenances' is not employed" therein. The "tenant is entitled to maintenance of an entrance [or way of entrance] which is necessary to the *full enjoyment* of his use of the premises although it may not be the only means of access." 36 C. J. p. 33, § 634, and cases cited.

However, injunctions to restrain trespass do not issue as a matter of course; "the jurisdiction must be exercised sparingly, and is confined ordinarily to cases where from the very nature of the property affected or the frequent repetition of the trespass the injury sustained is not susceptible of remediable damages." 32 C. J. p. 130, § 171. The instant case is one wherein the plaintiff would be compensated by allowance of all damages resulting to her from the trespass upon her rights, and these damages are as subject to proper fixation as are damages in the ordinary tort case. To have granted a perpetual injunction would have resulted in loss to the lessor vastly greater than could have resulted to the lessee in the short remainder of the term of her lease from shutting off such ingress and egress to her store as the arcade west of the rotunda furnished. The portion of the judgment denying an injunction must be affirmed.

The plaintiff claims that the court erred in limiting the allowance of damages to compensation for injuries from dust. She claims that the lease gave to her the use of the whole of the arcade for ingress and egress to and from the leased premises, and gave to her the right to such benefits if any as resulted to her business from the fact that the public used the east-and-west arcade as a thoroughfare for pedestrians between the two streets on the east and west sides of the building, and claims that she should have been allowed damages

to compensate her for injuries to her business resulting from deprivation of those benefits. Assuming this to be correct, the record does not show that any such injury resulted. There is no bill of exceptions. The findings therefore are not subject to attack. In this situation the only question is, Do the findings show that the plaintiff sustained any injuries of the nature stated? The only finding respecting damage is that the operation of remodeling required by the Grant Company lease "caused dust to circulate in Store No. 30 occupied by the plaintiff and to settle on [her stock of goods] and damaged said [stock] in the amount of $850." As the findings show no other damage the judgment as to damages must be affirmed.

The plaintiff also assigns as error the dismissal of the complaint as to the defendant Oeflein, Inc. This company did the work of remodeling. Its conduct was wrongful as against the plaintiff if the conduct of the Building Company was, and it is liable for the damages resulting from its wrongful conduct to the same extent as is the Building Company. The conclusions of law of the trial court state that "the plaintiff is entitled to recover the sum of $850 from the defendant Plankinton Building Company and the defendant Walter W. Oeflein, Inc., on account of the damage to the plaintiff's stock" of goods. Why judgment was not entered accordingly does not appear. The judgment in this respect must be reversed with instructions to enter judgment as against Oeflein, Inc., for the sum stated, with costs, and to strike from the judgment the provision dismissing the complaint as to said company and awarding it costs against the plaintiff.

The plaintiff also assigns as error the awarding to the defendant Building Properties, Inc., of costs as against the plaintiff. That corporation was not a proper party defendant. The court found that, (1) "the defendant Plankinton Building Properties, Inc., is a corporation organized and *existing* under the laws of the state of Wisconsin," and that,

(2) "the defendant Plankinton Building Company is a corporation organized and existing under and by virtue of the laws of the state of Wisconsin and was organized pursuant to the provisions of a plan of reorganization filed and approved under the provisions of section 77B of the Federal Bankruptcy Act in the district court of the United States for the Eastern district of Wisconsin. All of the assets of the defendant Plankinton Building Properties, Inc., have been conveyed to the defendant Plankinton Building Company, and the liabilities of the defendant Plankinton Building Properties, Inc., subject to the limitations imposed by said plan of reorganization, have been assumed by the defendant Plankinton Building Company." The plaintiff claims that under the finding (2) above stated the Building Properties, Inc., is "defunct," and costs should not have been allowed to it. If it is an "existing corporation" as found by finding (1) above quoted we do not perceive how it can be "defunct." The statement in *Combes v. Keyes,* 89 Wis. 297, 314, 62 N. W. 89, is cited to the effect that where there is no corporation *in esse* costs cannot be awarded against it. But if a corporation is "existing" it is *in esse.* Counsel does not attack finding (1) above as erroneous, or say why or under what provisions of section 77B of the Bankruptcy Act, Building Properties, Inc., is defunct. In this situation we decline to make search to determine whether finding (1) above is wrong as matter of law or whether Building Properties, Inc., is "defunct" or *in esse.* Counsel alleged in the complaint that Building Properties, Inc., "is a corporation organized and existing under the laws of the state of Wisconsin," and also alleged the facts recited in finding (2) above as to that corporation. They should not now be heard to object because the trial court accepted as correct the position taken by them in their complaint.

Counsel also urge that it was an abuse of discretion for the court to allow costs to Building Properties, Inc., because it

appeared by the same attorneys as Building Company. Counsel brought the case in equity. In equity cases "costs may be allowed or not to any party, . . . in the discretion of the court." Sec. 271.02 (2), Stats. As counsel claimed $2,000 damages against Building Properties, Inc., and thus required it to answer and show why it was not so liable, it comes with poor grace that they should now urge that costs should not be granted for preparation of such answer and showing non-liability. Whether any other costs were allowed does not appear. We cannot say that the trial court abused its discretion in allowing costs or erred in fixing the amount.

*By the Court.*—The judgment of the circuit court is reversed as to defendant Walter W. Oeflein, Inc., with directions to enter judgment as indicated in the opinion. In all other respects it is affirmed.