Hat Box, Inc., Appellant, vs. Plankinton Building Company, Respondent.

*May 18—June 21, 1938.*

For the appellant there was a brief by *Dougherty, Arnold & Kivett* of Milwaukee, and oral argument by *Suel O. Arnold*.

For the respondent there was a brief by *Upham, Black, Russell & Richardson,* attorneys, and *Howard R. Johnson* and *Fraley N. Weidner* of counsel, all of Milwaukee, and oral argument by *Mr. Weidner* and *Mr. Johnson.*

FOWLER, J.  The plaintiff held a lease of a store in a building in Milwaukee known as the "Plankinton Arcade," and was conducting a retail business therein selling hats.  Its lease had four years yet to run.  The building is fully described in the preface to the opinion in *Gitlitz v. Plankinton Building Properties, Inc., ante,* p. 334, 280 N. W. 415, to which reference is here made for such facts as are necessary to an understanding of our decision herein.  The store of the plaintiff was included in the premises west of the arcade described in said preface which were leased to the Grant Company.  For the Grant Company to get possession of the premises and commence the remodeling required, the plaintiff had to remove elsewhere.  After negotiations between the de-

fendant and the plaintiff an agreement was reached whereby for $3,500 paid to the plaintiff the plaintiff was to remove from Store 32 that it was occupying to Store 18 on the arcade east of the rotunda. After removal pursuant to the agreement the plaintiff brought this action in which it alleged that the agreement and the plaintiff's removal pursuant thereto were induced by a false and fraudulent representation made by the defendant to the plaintiff's damage in the sum of $10,000, and demanded recovery of that sum. The defendant by answer denied making the representation alleged, and denied that the plaintiff sustained any loss through the carrying out of the agreement. Trial was had to the court without a jury. The court found that the defendant did not make the representation alleged; that such statements as it did make were true; and that the plaintiff sustained no loss through carrying out the agreement.

The representation claimed is, in substance, that the defendant would maintain an arcade twelve feet wide, bounded by glass partitions, through from Second street east to the rotunda. The representation, if made, was a promise to be performed in the future. Such a promise does not ordinarily constitute a cause of action. But it is alleged that the promise was made with intention by the promisor not to perform it and without ability to perform it, and it is claimed by the plaintiff, and we assume correctly, that this makes the promise a false representation.

The plaintiff assigns as error that the court's findings are not sustained by the evidence. Its counsel concedes that the finding as to the representation would stand if it stood on oral testimony alone, but insists that the documentary evidence shows conclusively that the representation was made and made knowing that the promise could not and intending that it would not be performed. Reliance in this respect is particularly based upon the claim that the written agreement for giving up Store 32 and accepting Store 18 so shows be-

cause the agreement is in the form of a lease made by attaching to the lease of Store 32 a written stipulation that the lease of Store 32 should "remain in full force and effect" as to Store 18 except as to amount of rental, and that the lessee might cancel the lease on sixty days' notice, which provision was not in the lease of Store 32.

The contention of plaintiff in this respect is that the original lease of Store 32 gave the lessee the right to have a thirty-two-foot east-and-west arcade maintained for the term of the lease, and that as that lease continued in force as to Store 18 it continued the right to maintenance of the arcade. If so it continued the right to maintenance of a thirty-two-foot arcade. But this is contrary to the allegation of the complaint that a twelve-foot arcade with glass partitions would be maintained from Second street east to the rotunda. The plaintiff can hardly be heard to dispute the basis of its claim to damages. Manifestly, notwithstanding the statement of the attached agreement, according to the appellant's own claim both in its complaint and its testimony, it was not intended that right to maintenance of a thirty-two-foot arcade should remain in force, and thus it was not intended that all rights of plaintiff under the original lease respecting the arcade should be retained as appurtenant to Store 18. Moreover if the lease of Store 32 was to apply to Store 18, this has no bearing upon plaintiff's right to maintenance of the twelve-foot passageway. There was no covenant or provision whatever in the lease of Store 32 relating or referring to the arcade. The plaintiff did not procure its right to maintenance of the arcade under the terms of its lease of Store 32. Whatever rights it had to the use of the arcade it acquired under the general rule of law that means of ingress and egress to leased premises existing at the execution of a lease may not be interfered with by the lessor or any one else during the term of the lease. See *Gitlitz v. Plankinton Building Properties, Inc., supra.* Such rights to use of the arcade

as plaintiff had rested upon the situation existing, not upon the terms of the lease.

Another document that the plaintiff claims shows that the false representation claimed was made by the defendant is the lease from defendant to the Grant Company dated June 18, 1936. This lease contained a provision whereby the Grant Company stipulated to maintain a passageway twelve feet wide through the portion of its store previously occupied by the arcade, but only so long as the defendant maintained the arcade west of the Grant Company's store. The work of remodeling commenced after August 10th. The complaint alleges that the promise to maintain the twelve-foot passageway through the Grant store was made August 1st, the day the agreement was executed. The documents referred to may tend in some degree to corroborate the plaintiff's claim of a promise by the defendant to maintain a passageway through the Grant store, but they are not conclusive. All of the agents who represented the defendant in the negotiations preceding the execution of the agreement of August 1st, deny that such a promise was made. The negotiations to procure the plaintiff to move from Store 32 to Store 18 began prior to June 15th, as a letter from plaintiff in the record shows. There was doubtless talk between the parties relative to the twelve-foot passageway. The only testimony implying that a promise to maintain such passageway was made on the date the written agreement respecting removal was made, was that of Mrs. Lesch, one of the officers of the plaintiff company, who testified that Mr. Harvey said on that day that there was to be a twelve-foot passageway with glass doors through the Grant store. Mr. Harvey denies so saying. Mr. Harvey, the managing officer of the defendant, testified that "hope" to maintain such passageway continued until about Easter, 1937, when a lease of premises west of the Grant store was executed which included a part of the arcade. The tenant refused to take a lease if such passageway through his

store was to be maintained, and it was not until then that the defendant determined to close the arcade west of the rotunda. We consider that upon the whole record the trial judge was justified in finding both that the promise claimed was not made and that such representation relating to the passageway as was made was not false or made with intent not to perform it.

The briefs are largely devoted to whether a provision of plaintiff's lease of Store 32 whereby the lessee covenanted to allow the lessor to make "repairs, additions in height, extensions or betterments of and in the demised premises of the Plankinton Arcade Building as the lessor may deem advisable without any claim being allowed by lessor by reason thereof" gave the lessor the right to close the arcade west of the rotunda. This question has no bearing on the right of recovery in view of the findings of the court above stated. The case might properly be rested upon the finding of the court that "the plaintiff was in no wise injured by any statements or representations made" by the defendant. The claim for damages is that the twelve-foot passageway through the Grant store would have been beneficial to plaintiff's business on account of the pedestrian "traffic" through it. There was evidence sufficient to support a conclusion of fact that exit from the Grant store into the rotunda and the entrance to it from the rotunda increased pedestrian "traffic" in the arcade east of the rotunda beyond what it had ever been before the arcade west of the rotunda was closed. If so the plaintiff suffered no loss or injury by closing the west portion of the arcade. The documents above referred to had no possible bearing upon the question of damage. The finding in that respect rests wholly on the oral testimony and is amply sustained. There can be no recovery where there is no damage.

The plaintiff makes the further contention that the court erred in denying the motion of plaintiff made at conclusion of the testimony to permit amendment of the complaint to

state a case based upon breach of the lease of Store 18 by the defendant. As above indicated, the lease contained no provision whatever relating to use of the arcade. Such right as the plaintiff had to use of the arcade rested wholly on the physical situation and the general law applicable to it, and not on the terms of the lease. As there was not any violation of any terms of the lease, there was no breach of it. We perceive no error in denying the motion to amend.

*By the Court.*—The judgment of the circuit court is affirmed.