HALL and others, Respondents, vs. CHURCH OF THE OPEN BIBLE and others, Appellants.

*April 11—May 6, 1958.*

For the appellants there were briefs and oral argument by *A. W. Ponath* of Appleton.

For the respondents there was a brief and oral argument by *Alfred S. Bradford* and *L. H. Chudacoff*, both of Appleton.

MARTIN, C. J. In October of 1953, the Hall-Heenan Plat to the city of Appleton was approved, accepted, and recorded. On June 10, 1954, the owners of the lands within said plat made restrictive covenants pertaining to said lands, which were recorded on August 12, 1954. The following is the restriction here involved:

"No lot shall be used except for residential purposes. No building shall be erected, altered, placed, or permitted to remain on any lot other than one detached single-family dwelling not to exceed two and one-half stories in height and a private garage for not more than two cars."

The defendants Schneider acquired the property in question by a deed incorporating the covenants by appropriate

reference on September 6, 1957. Thereafter they disposed of it to the Church of the Open Bible by deed which also included the covenants by reference. Shortly thereafter the church commenced construction of a church building on said premises. The deed from the Schneiders to the church was not of record at the time this action was commenced.

The trial court held that there was no issue of fact presented by the pleadings and affidavits. It held that the restrictive covenant is reasonable and enforceable and in plain and unambiguous language expressly excludes all buildings other than one detached single-family dwelling and a private garage.

Appellants argue that the language " 'No lot shall be used except for residential purposes' is ambiguous as to meaning," and contend that they should be permitted to introduce evidence to clarify the ambiguity. We cannot see how the language could be made more plain. There being no ambiguity, the intent must be arrived at from such language. *Polebitzke v. John Week Lumber Co.* (1914), 157 Wis. 377, 147 N. W. 703. Parol evidence is not admissible to establish any intent other than that clearly expressed in the instrument itself.

It is a well-established rule that a covenant restricting land to residential use, inserted by the proprietor in a conveyance of his lands, inures to the benefit of all the purchasers where it is inserted for the purpose of carrying out a general plan or scheme of development, and that it constitutes at least an equitable servitude upon the land, and constitutes a valuable property right which a court of equity will enforce in the absence of facts and circumstances making such enforcement unjust or inequitable. *Boyden v. Roberts* (1907), 131 Wis. 659, 111 N. W. 701; *Ward v. Prospect Manor Corp.* (1926), 188 Wis. 534, 206 N. W. 856; *Fuller v. Town Board* (1927), 193 Wis. 549, 214 N. W. 324.

Appellants' position seems to be that the restriction, while enforceable as against industrial or commercial use, is void as against churches. This resolves itself into the question whether the restrictive covenant is void as against public policy.

As the trial court pointed out, the law recognizes a substantial difference between the exclusion of churches by zoning ordinances and by restrictive covenants. The majority of courts, on constitutional grounds, refuse to uphold the exclusion of churches by zoning. Appellants' argument as to the value of religious institutions to society might be well advanced if we had a zoning ordinance before us. See *State ex rel. Synod of United Lutheran Church v. Joseph* (1942), 139 Ohio St. 229, 39 N. E. (2d) 515. But restrictive covenants excluding churches have universally been enforced. See 70 Harvard Law Review, 1437. A basic reason for the difference which the law recognizes would seem to be that zoning is a governmental action while restrictive covenants are agreements between private individuals. There is nothing in the record to show that there is any concerted movement in the city for the exclusion of churches. Conceding the social value of churches, it is nevertheless true that churches, like other places of assembly, produce noise, congestion, and traffic hazards. The exclusion of uses which create such conditions in an area planned as residential cannot be said to be against public policy. Owners of land in the plat have the right to impose such a restriction and the courts will enforce it.

In *Housing Authority of Gallatin County v. Church of God* (1948), 401 Ill. 100, 107, 108, 81 N. E. (2d) 500, 504, where defendants contended, as here, that a similar restriction had no real, substantial relation to public health, safety, morals, and general welfare, the court said:

"An owner of real estate has the right to convey it subject to any condition or restriction he deems fit to impose, provided the conditions or restrictions are not against public policy and do not materially impair the beneficial enjoyment of the estate. . . . Restrictions upon the use of property in a particular subdivision, as here, and which are imposed as a part of a general plan for the benefit of all the lots affected, give to the purchasers of the lots a right in the nature of an easement, which will be enforced against owners of other lots so affected, where the intention is clearly shown by the restrictions and the enforcement of them is necessary for the protection of substantial rights."

In *Bucklew v. Trustees Bayshore Baptist Church* (Fla. 1952), 60 So. (2d) 182, 183, the court held:

"We fully recognize the high calling of the church. In this enlightened age, churches are not only desirable but are necessary for the happiness and contentment of the people. . . . The high calling of religious organizations and churches does not give them any more right to set covenants at nought than any other organization."

The Hall-Heenan Plat is only five years old; the restrictive covenant is of four years' standing. There is no claim that the character of the area has changed in that time or that violations of the restriction have been permitted to such an extent as to evidence its abandonment. See 26 C. J. S., Deeds, p. 1161, sec. 169.

It should also be noted that appellants, at the time they acquired the property, knew or should have known of the restriction. The covenants were of record in the office of the register of deeds and their deeds incorporated them by reference. 26 C. J. S., Deeds, p. 1158, sec. 167 (5). Appellants' answer admits, in effect, that they knew of the existence of the restrictive covenant. Yet the church, while withholding the recording of its deed, commenced construction of the building in violation of the restriction. These

facts would seem to warrant the same comment as the Florida court made in the *Bucklew Case, supra* (p. 184) :

"In such matters, if there can be any degree of obligation, a more-sensitive adherence to the demands of plighted faith might be expected of those professing a high duty to obligations and an example to others."

*By the Court.*—Judgment affirmed.

HALLOWS, J., took no part.