WEBSTER, Respondent, v. DANE CORPORATION, Appellant.

*February 1—March 8, 1960.*

438

For the appellant there was a brief and oral argument by *Donald S. Eisenberg* of Madison.

For the respondent there was a brief by *Roberts, Boardman, Suhr, Bjork & Curry* of Madison, and oral argument by *Robert L. Curry*.

BROWN, J.  Findings of fact by a trial court are not to be disturbed on appeal unless contrary to the great weight and clear preponderance of the evidence. *Cuskey v. McShane* (1958), 2 Wis. (2d) 607, 87 N. W. (2d) 497. The findings of fact in this action are not only supported by the great weight and clear preponderance of the evidence but the material facts are undisputed.  Such material facts are:

Defendant corporation and a Mr. Stephen Lighter are owners and subdividers of a real-estate subdivision. Lighter owns a controlling interest in the corporation and is its president.  Such subdividers recorded a plat, called Golf Green, containing restrictions of record designed to create and maintain the plat as a first-class, single-family-residence district.  Among such restrictions are:

"2. No building shall be located on any lot nearer than 30 feet from the front lotline nor nearer than 15 feet from a side streetline. *No building shall be located nearer than 10 feet to an interior lotline. . . .* [Emphasis supplied.]

"9. These covenants and restrictions are covenants and restrictions running with the land and shall be binding on all persons having an interest in said plat until September 1, 1980, at which time said restrictions and covenants shall be terminated.

"10. If any person, or his heirs, successors, or assigns, shall violate or attempt to violate any of these covenants and restrictions herein prior to September 1, 1980, it shall be lawful for any person or persons owning any lot or lots in said subdivision to prosecute any proceedings at law or equity against the person or persons violating or attempting to violate any such covenant or restriction."

Mr. Lighter sold to plaintiff lot 107 in this plat as so restricted, and plaintiff built his home upon it complying with all such restrictions. Next, Lighter sold to defendant lot 106 which adjoins plaintiff's lot 107. Thereafter defendant commenced building a house on lot 106. To build the

house defendant employed Lighter's son-in-law, a contractor, named Crissinger. As soon as Crissinger poured footings for the new building it became apparent that one corner of the foundation of the house would come closer than 10 feet to the lotline separating lots 106 and 107. Plaintiff immediately notified Crissinger of this encroachment, personally and by plaintiff's attorney, and protested against the violation of the building restriction and demanded that it be stopped. Crissinger admitted that a portion of the new house would violate the plat's restriction but informed plaintiff that defendant would proceed as planned. Thereafter defendant poured a cement foundation upon the footings. A corner of the foundation extends 14 inches into the prohibited 10-foot zone.

Plaintiff then procured a temporary injunction to halt further construction, and in due course the circuit court entered judgment permanently restraining any construction closer to 10 feet from the lotline and commanding removal of the aboveground encroaching structure.

Defendant rests its appeal on the propositions, (1) that defendant's violation of the building restriction was not wilful and wrongful on the part of the defendant—contrary to the express finding of the trial court; (2) that the violation is trivial, and the enforcement of the building restriction does so great harm to defendant and so little good to plaintiff that equity will not permit the enforcement of the restriction. Wherefore, defendant submits, the trial court abused its discretion in granting the prohibitory and mandatory injunctions.

The granting or withholding of injunctions lies within the sound discretion of the trial court. *Christie v. Lueth* (1953), 265 Wis. 326, 334, 61 N. W. (2d) 338.

There is no merit to defendant's contention that its admitted breach of the restriction was not wilful and wrongful.

Defendant knew of the restriction, the violation was pointed out timely to defendant's agent, if that be necessary, the protest was made, and defendant deliberately chose to ignore both the protest and the plat's requirement. Defendant's excuse that it did not violate the *city ordinance* regarding side yards is immaterial. That gives defendant no license to violate the plat restrictions which are more stringent than those of the city. Defendant's other justification is equally untenable, that the violation was not wrongful because thereby defendant's gain would be great and the detriment to plaintiff is alleged to be small.

We concur in the trial court's conclusion that defendant's breach of the plat restriction was wilful and wrongful. Indeed, we cannot understand how any other conclusion could be reached.

We come then to defendant's contention that the court abused its discretion in granting the injunctions.

Defendant submits the encroachment is relatively slight. That may be conceded, but it does not follow that plaintiff's neighbors may improve their properties by ignoring restrictions designed to protect the plaintiff against just such an invasion and plaintiff must be denied the aid of the court in compelling such neighbors to observe the conditions of their ownership.

"It is a well-established rule that a covenant restricting land to residential use, inserted by the proprietor in a conveyance of his lands, inures to the benefit of all the purchasers where it is inserted for the purpose of carrying out a general plan or scheme of development, and that it constitutes at least an equitable servitude upon the land, and constitutes a valuable property right which a court of equity will enforce in the absence of facts and circumstances making such enforcement unjust or inequitable. [Cases cited.]" *Hall v. Church of the Open Bible* (1958), 4 Wis. (2d) 246, 248, 89 N. W. (2d) 798.

The present restriction is of like purpose and effect and the injunction granted in *Hall v. Church of the Open Bible, supra,* is a precedent to be followed in the instant case.

Again, in *Perkins v. Young* (1954), 266 Wis. 33, 62 N. W. (2d) 435, we sustained an injunction which commanded the removal of a garage already partially built which violated the front line prescribed by plat restrictions. This, too, is a similar precedent that enforcement of plat restrictions under these circumstances does not constitute abuse of discretion.

Defendant submits that there is an abuse of discretion now by the trial court because the injunctions give plaintiff slight benefit and impose great loss on defendant. First, as to the expense to defendant of removing the aboveground encroaching structure to comply with the injunction: Before the defendant poured the foundation, which is the only part at present aboveground, plaintiff protested and warned the defendant not to proceed. Defendant then continued at its own risk. Under such circumstances defendant unsuccessfully invokes any equitable principle to create a claim of equitable rights by investing money either in the cost of installing or removing the offending structure. Second, defendant submits that a relocation of its house which will not encroach on the 10-foot side yard will make the building site less desirable because of the boundaries, size, and contour of the lot and will reduce the value of defendant's property $1,500. We see no equitable reason why plaintiff must give up any tangible or intangible benefit given him by the plat restriction in order to augment the value of defendant's lot. Defendant knew the restriction and knew the residence which he could build in compliance. His reluctance to locate or build a house which would conform to the restrictions of his lot does not impose on his neighbor an obligation to permit some other, violating, house to be built.

We find no equity in defendant's demand, nor any abuse of discretion in the trial court's enforcement by injunction of the requirements of the plat.

*By the Court.*—Judgment affirmed.