AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Respondent, v. FISHER and another, d/b/a HIGHWAY 100 BUILDING COMPANY, Appellants.

*No. 232. Argued March 27, 1973.—Decided April 20, 1973.*
(Also reported in 206 N. W. 2d 152.)

For the appellants there was a brief and oral argument by *Ronald L. Piette* of Milwaukee.

For the respondent there was a brief by *Arnold, Murray & O'Neill,* attorneys, and *George R. Schimmel* of counsel, all of Milwaukee, and oral argument by *Mr. Schimmel.*

HEFFERNAN, J.   This action was commenced on June 25, 1971, by American Mutual Liability Insurance Company to enjoin the defendants, Richard Y. Fisher and Joel S. Lee, doing business as the Highway 100 Building Company, from denying the plaintiff the use of certain parking spaces under a lease entered into between the parties. After the trial to the court, the plaintiff was granted a permanent injunction; and from the judgment of injunction, the defendants appeal.

The plaintiff rests its cause of action upon the lease which was executed by the parties on August 26, 1963. The plaintiff agreed to rent a floor of an office building then planned for construction by the defendants. The lease was for a period of ten years, with a renewal option for two additional five-year terms. In accordance with other options, the plaintiff has exercised its right to occupy more of the premises and is now the tenant of almost the entire building. In conjunction with the construction of the building and under the terms of the lease, the plaintiff was to have the right to use an adjacent parking lot.

From the time the plaintiff moved into the building until June of 1971, the plaintiff leased and used 18 spaces in the parking lot. In 1970, however, the defendants constructed another building immediately to the south of the building leased to the plaintiff. Seventeen of the parking lot spaces used until that time by the plaintiff were leased to tenants of the new building. In June of 1971, the defendants notified the plaintiff that it could no longer use any of its 18 parking spaces adjacent to the building.

The plaintiff brought this action, claiming that, under the lease, it was entitled to the 18 parking spaces and that the violation of the lease would work an irreparable hardship that could not be remedied by a judgment for damages. Accordingly, it brought this action for a permanent injunction.

Two clauses of the lease are relevant to this determination. The lease agreed upon by the parties provided:

". . . together with the right of ingress and egress to and from said demised premises, [the lessee shall have] the right in common with the other tenants of said building to use of the common lavatories and other common areas of the building, and the parking lot pursuant to the provisions of subparagraph 'J' of paragraph 5 of this lease agreement . . . .

". . .

"(5) (J) **Parking Lot.** Lessor shall at its expense maintain the parking lot adjoining said building in a reasonable state of repair and shall clearly mark the dividing lines between the parking spaces. A minimum of eighteen (18) parking spaces shall be provided for the Tenant's use. In the event that fewer than eighteen parking spaces are available the lease shall continue in force; however, the Tenant shall receive a credit of Ten Dollars ($10) per month for each space less than the minimum eighteen parking spaces."

The parties to this appeal agree that the principal question is the meaning of the word, "available," which appears in 5 (J) of the lease quoted above. The plaintiff

takes the position that the word means physically usable or physically present. Plaintiff argues that, since the 18 parking spaces are undisputably physically usable, they are "available" and that therefore, under the terms of the lease, the defendants cannot deprive the plaintiff of their use. The defendants argue that "available" means "not needed by the landlord" and that, since the spaces are needed by the landlord for the use of the tenants in the new building, the spaces are no longer available to the plaintiff.

This court may take judicial notice of dictionary definitions to determine the common meaning of words. *State ex rel. Priegel v. Northern States Power Co.* (1943), 242 Wis. 345, 351, 8 N. W. 2d 350; *Mittelsteadt v. Bovee* (1960), 9 Wis. 2d 44, 49, 100 N. W. 2d 376.

We conclude that the meaning of the word, "available," is clear. The following dictionaries define the word:

Webster's Third New International Dictionary: Capable of use, accessible.

American Heritage Dictionary: Accessible for use, usable, at hand.

Funk & Wagnalls New Standard Dictionary: Capable of being made use of, suitable, usable.

Black's Law Dictionary (rev. 4th ed.) : Suitable, usable.

The meaning urged by the defendants that the spaces are "available" only if they give permission for use of the parking lot is not supported by any dictionary definition.

We conclude that, given the undisputed facts that the 18 parking spaces are physically usable, they are "available" under the terms of the lease and the plaintiff is entitled to their use and enjoyment. The trial judge reached the same conclusion. The meaning of a word in a legal document is a matter within the expertise of the supreme court, and is not dependent upon the fact finder's appraisal of the demeanor of witnesses or the credibility that may be ascribed to their testimony.

Accordingly, even were we to disagree with the finding of the trial court, we would be free to reach our own conclusion with respect to the meaning of a word. *Delap v. Institute of America, Inc.* (1966), 31 Wis. 2d 507, 143 N. W. 2d 476.

It should be noted that a trial judge's interpretation of a contract poses only a question of law. *Medford Lumber Co. v. Industrial Comm.* (1928), 197 Wis. 35, 39, 221 N. W. 390. Where a legal question, as distinguished from a finding of fact, is involved, this court is not bound by the usual rule that we will sustain a trial court unless its findings are contrary to the great weight and clear preponderance of the evidence.

The trial judge did not rest his decision only upon the plain meaning of the word, "available." In addition, he admitted parol evidence for the purpose of showing the extrinsic circumstances that compelled the same conclusion. However, we find it unnecessary to discuss that supportive parol evidence. *Conrad Milwaukee Corp. v. Wasilewski* (1966), 30 Wis. 2d 481, 487, 141 N. W. 2d 240, points out that parol evidence is inadmissible to vary or to explain unambiguous terms in a lease.

The defendants contend, however, that, even were this court to give the meaning to the word, "available," that the plaintiff urges, nevertheless an injunction is not a proper remedy, for the measure of damages is spelled out in the lease. They refer to the provisions of paragraph 5 (J) :

"In the event that fewer than eighteen parking spaces are available the lease shall continue in force; however, the Tenant shall receive a credit of Ten Dollars ($10) per month for each space less than the minimum eighteen parking spaces."

From the discussion above, however, given the plain meaning of the word, "available," the defendants' contention that the lease spells out a measure of damages applicable in the present case is untenable. Only if the

parking lot were not physically available or physically usable, would the $10 per month reduction in the lease payments be applicable. Nevertheless, the defendants forcefully argue that the equitable remedy of injunction is never appropriate except in those cases where the plaintiff suffers irreparable injury that cannot be compensated by money damages.

Defendants' position in this respect is well-supported by Wisconsin law. Although an injunction may be available to prevent a landlord from violating his obligations under a lease *(Gitlitz v. Plankinton Building Properties, Inc.* (1938), 228 Wis. 334, 338, 280 N. W. 415), an injunction may not be granted unless there is the threat of irreparable injury. *Kuntz v. Werner Flying Service, Inc.* (1950), 257 Wis. 405, 410, 43 N. W. 2d 476. Only if there is no adequate remedy at law is an aggrieved party entitled to the equitable remedy of injunction. *Klump v. Cybulski* (1957), 274 Wis. 604, 609, 81 N. W. 2d 42; *Stroebe v. Fehl* (1867), 22 Wis. 324 (*337), 333. The defendants argue that, with an award of damages of $10 per month for each parking space, the plaintiff could secure other parking in the immediate area. The trial judge, however, made the specific finding that there were no available parking spaces nearby. A factual finding of this nature will not be set aside by this court unless it is determined that the finding is contrary to the great weight and clear preponderance of the evidence. *Gordon v. Gordon* (1955), 270 Wis. 332, 339, 71 N. W. 2d 386; *Swazee v. Lee* (1951), 259 Wis. 136, 137, 47 N. W. 2d 733.

There was testimony by the police officer in charge of parking for the city of Wauwatosa that no commercial parking could be rented in the area. There was evidence that on-street parking was either totally banned or limited to short periods of time. The plaintiff presented evidence showing that, at its present location, it operated a drive-in claims service as well as its state

sales office and that parking space adjacent to the leased premises was necessary for its operations.

On the basis of the testimony, the trial judge found that the proposed curtailment of the parking space would cause irreparable injury and would render it impossible for the plaintiff to conduct its present business. The trial judge concluded that an action for damages would not afford the plaintiff relief from the injury sustained. His conclusion was in accord with the established law. Where a defendant's wrong threatens a plaintiff with the loss of business and the amount of the plaintiff's future damages are difficult or impossible to ascertain, this court has held that a plaintiff's remedy at law would be inadequate and that an injunction is an appropriate remedy. *Lakeside Oil Co. v. Slutsky* (1959), 8 Wis. 2d 157, 168, 98 N. W. 2d 415; *Butterick Publishing Co. v. Rose* (1910), 141 Wis. 533, 539, 124 N. W. 647.

The granting or withholding of an injunction is within the sound discretion of a trial judge. *Webster v. Dane Corp.* (1960), 9 Wis. 2d 437, 440, 101 N. W. 2d 616.

In view of the facts found by the trial judge and the consequences to the plaintiff were it denied the use of the 18 spaces available in the adjacent parking lot, the granting of the permanent injunction during the term of the lease was proper and did not constitute an abuse of discretion.

*By the Court.*—Judgment affirmed.