MITTELSTEADT, Appellant, v. BOVEE and others, Respondents.

*December 1, 1959—January 5, 1960.*

For the appellant there was a brief by *Van Susteren & Bollenbeck* of Appleton, and oral argument by *Urban P. Van Susteren*.

For the respondents there was a brief by *John P. Mc-Galloway, Sr.,* and oral argument by *William D. McGalloway.* both of Fond du Lac.

DIETERICH, J. The pertinent portions of the insurance policy issued by Allstate Insurance Company necessary to determine whether or not the motorcycle became a temporary substitute automobile under the provisions of the policy are:

"Part 1.  Automobile Liability Insurance
"Coverage A—bodily injury
"Coverage B—property damage
"Allstate will pay for an insured all damages which the insured shall be legally obligated to pay because of:
"A. bodily injury sustained by any person, and
"B. injury to or destruction of property, arising out of the ownership, maintenance, or use, including loading and unloading, of the owned automobile or a nonowned automobile."

Under definitions of words used, we find the following:

"2. Automobiles Covered
"(a) 'owned automobile' means the vehicle described on the supplement page, and, as herein described, any replacement automobile, any additional automobile, any temporary substitute automobile, and any trailer owned by the insured;
"(b) 'replacement automobile' means any other private passenger or utility automobile of which the named insured acquires ownership, provided it replaces the owned automobile;
"(c) 'additional automobile' means an additional private passenger or utility automobile of which the named insured acquires ownership, provided notice of its delivery be given to Allstate within the policy term then current, or if delivery is within thirty days before the end of such term, then within thirty days after delivery;

"(d) 'temporary substitute automobile' means any automobile, including a trailer, while temporarily used as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss, or destruction;

"(e) 'nonowned automobile' means an automobile, including a trailer, not owned by the named insured or any relative, other than a temporary substitute automobile;

"(f) 'private passenger automobile' means a private passenger, station wagon, or jeep-type automobile;

"(g) 'utility automobile' means an automobile with a load capacity of 1,500 pounds or less of the pickup body, sedan delivery, or panel-truck type; and

"(h) 'trailer' means a trailer designed for use with a private passenger automobile, if not being used for business purposes with other than a private passenger or utility automobile."

Sub. (d) under "automobiles covered" would be the paragraph that would supply coverage if the policy of insurance applies to the Triumph two-cylinder motorcycle at the time of the accident on July 28, 1957.

Sec. 340.01 (32), Stats., defines a "motorcycle" as follows:

" 'Motorcycle' means a motor-driven cycle which does not come within the definition of power-driven cycle or motor bicycle."

Sec. 340.01 (33), Stats., defines a motor-driven cycle as follows:

" 'Motor-driven cycle' means a motor vehicle designed to travel on not more than three wheels in contact with the ground and having a seat for the use of the rider, including motorcycles, power-driven cycles and motor bicycles, but excluding tractors."

Sec. 340.01 (4), Stats., defines an automobile as follows:

" 'Automobile' means a motor vehicle with a shipping weight of more than 1,000 pounds and designed primarily

for the purpose of transporting persons rather than property but which does not have a passenger-carrying capacity sufficiently large to bring it within the definition of motorbus."

Webster's New International Dictionary (2d ed.), defines "automobile" as follows:

"An automobile vehicle or mechanism; a self-propelled vehicle suitable for use on a street or roadway."

The photographs in the dictionary illustrating the various types of automobiles dating from 1892 up to and including 1934, are all passenger engine-driven automobiles with four wheels.

Webster's New International Dictionary (2d ed.), under insurance defines "automobile insurance" as:

"Insuring a motorist against his legal liability for personal injury, death, or property damage arising out of the operation of his automobile, . . ."

In 5A Am. Jur., Automobile Insurance, pp. 7, 8, secs. 2, 3, it is stated:

". . . if neither a relevant statute nor the automobile insurance policy itself defines a particular term which is used in the policy, a court to which the case is presented is at liberty to determine the meaning of the term in accordance with the established standards of interpretation. . . .

"Under an automobile insurance policy, the rights of the insured and the liability of the insurer must be determined by the intention of the parties as expressed in the policy. The policy is to be construed in the light of the subject matter with which the parties are dealing and the purpose to be accomplished, and the language used must be given its ordinary and commonly accepted meaning. The test of the intent of the parties to an automobile insurance policy is the common understanding of men, . . ."

The word "automobile" expresses its own meaning. To the average man and to the public mind it is common knowl-

edge that the word "automobile" indicates a motor-driven vehicle mounted on four wheels, and that a motorcycle indicates a motor vehicle mounted on two wheels.

Under the statute entitled "Words and Phrases," sec. 340.01 (32), a motorcycle is recognized as a separate and distinct type of vehicle.

The language used in the policy must be given its ordinary and commonly accepted meaning. Throughout the entire paragraphs of the contract of insurance, the term "automobile" is used. The only qualifying terms that are used in connection with the contract of insurance are as follows: "any trailer," "utility automobile," "temporary substitute automobile means any automobile, including a trailer," "station wagon," and "jeep-type automobile."

The Triumph two-cylinder motorcycle operated by Lloyd Mittelsteadt on the 28th day of July, 1957, upon which Marjorie Mittelsteadt was a passenger and injured as a result of an accident, is not an automobile as defined under the terms and definitions contained in the policy, and therefore fails to qualify as a temporary substitute automobile under sub. (2) (d), entitled "automobiles covered."

We find no error in the judgment of the trial court dismissing the action of Marjorie Mittelsteadt against the Allstate Insurance Company. In view of our decision, it becomes unnecessary to consider the second question relating to the covenant not to sue.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.