## 17987

Jerry GARRETT, by his Guardian ad Litem, Shirley Garrett, Appellant, v. PILOT LIFE INSURANCE COMPANY, Respondent

(128 S. E. (2d) 171)

*Messrs. John M. Rollins,* of Greer, and *Joe Robert Hooper,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

November 7, 1962.

Moss, Justice.

This action was instituted by Jerry Garrett through his guardian *ad litem,* the appellant herein, against Pilot Life Insurance Company, the respondent herein, to recover benefits under a scholastic accident insurance policy insuring students of the School District of Greenville County. The policy in question provided for certain stipulated benefits for bodily injury caused by an accident occurring while:

"traveling directly between home and school for the purpose of attending or returning from regularly scheduled classes, but only if such travel occurs within one hour before the commencement of the day's school session or within one hour after dismissal from school, * * *"

The complaint alleges that on March 12, 1959, appellant received bodily injury caused by an accident which occurred while he was on his way home from Appalache School in Greer, South Carolina, and that coverage for his injury and medical expenses was afforded by the aforesaid policy. The respondent asserts by its answer that the bodily injury sustained by the appellant was not within the coverage provided by said policy because the injury sustained by the appellant

did not occur while he was traveling directly between school and home.

The case came on for trial before the Honorable James H. Price, Jr., Judge of the Greenville County Court, and the parties waived trial by jury, stipulated the facts, and submitted the case to the Court for its determination. The trial Judge found for the respondent and this appeal followed.

The parties have stipulated that Jerry Garrett, eleven years of age, was a student at Appalache Elementary School in Greer, South Carolina, and ordinarily such school was dismissed at 3:00 P. M. but on March 12, 1959 school was dismissed at 11:45 A. M. It further appears that the appellant's family consisted of his father, mother, a younger brother and sister, and they lived approximately three blocks from the school. The father of the appellant worked at night and slept during the day until approximately 3:00 P. M.; his mother worked during the day and had arranged with a Mrs. Evans, who lived three houses closer to the school than did the appellant's family, to keep the two young Garrett children during the day. Customarily the appellant would return to his home from school at approximately 3:00 P. M. and as soon thereafter as his father awakened, the appellant would go to the neighbor's house for his brother and sister. On the day in question, after being dismissed from school at approximately 11:45 A. M., the appellant stopped at the residence of Mrs. Evans where his brother and sister were being cared for; that when he arrived Mrs. Evans was preparing lunch for the other two children and the appellant sat down and drank lemonade prepared by Mrs. Evans. A short time thereafter he requested permission of Mrs. Evans to shoot a BB gun. Permission was given by Mrs. Evans for the appellant to use said gun and while in the act of loading the same it was somehow discharged and appellant's eye was injured resulting in the ultimate loss of the sight thereof. This accident occurred at approximately 12:30 P. M. or about forty-five minutes after the appellant had been dismissed from school.

Where an action is submitted on an agreed statement of the facts, the Court may make any legitimate or reasonable inferences, or any inferences of which the facts may rightly be susceptible, or the Court may draw the reasonable and legitimate inferences in the same way and to the same extent that it could have done had the facts agreed on been adduced by the taking of testimony in open court. 83 C. J. S., Stipulations, § 25, at page 73. The stipulation here took the place of evidence with regard to the issues made by the pleadings.

This being an action on a scholastic accident insurance policy, the burden of proof was upon the appellant to show that he received an injury from accidental means of the nature and kind against which the policy insured him. In other words, the insured had the burden of showing that his injury was covered by the terms of the policy. *Goethe v. New York Life Ins. Co.,* 183 S. C. 199, 190 S. E. 451; *Rakestraw v. Allstate Ins. Co.,* 238 S. C. 217, 119 S. E. (2d) 746.

The trial Judge held that the burden of proof was upon the appellant to show that he sustained an injury by accident and that such was within the coverage of the policy. He also found that "the stipulation does not contain any statement justifying a finding that the plaintiff intended to go from school to his home." A review of the stipulation shows that there is no statement therein contained that the appellant had departed from school to go to his home but on the contrary that he, instead of going home, "stopped at the residence of Mrs. Evans." This portion of the agreed facts is the basis for the conclusion by the lower Court that the appellant had reached his destination upon dismissal from school. The trial Judge further held that it was not necessary to predicate his decision upon this ground alone. The trial Judge further found as a fact that on the day in question the accident occurred forty-five minutes after dismissal from school and that every stipulated fact indicated a complete abandonment of any intention of "traveling home." He further held that

under the facts of this case "a reasonable result would not be effectuated by holding the accident to be within the terms of the policy."

This action is one at law and was, by agreement of the parties, tried by the Judge without a jury, and his findings of fact have the force and effect of a jury verdict upon the issues, and are conclusive upon appeal when supported by competent evidence. *Robinson v. Carolina Casualty Ins. Co.,* 232 S. C. 268, 101 S. E. (2d) 664; *Evatt v. Campbell,* 234 S. C. 1, 106 S. E. (2d) 447; *Crook v. State Farm Mut. Ins. Co.,* 235 S. C. 452, 112 S. E. (2d) 241. We have carefully examined the stipulation entered into by the parties to this action and, in our opinion, the trial Judge has reached a conclusion of which the facts are reasonably susceptible. We are bound by his findings of fact.

The appellants assert that the trial Judge erred in failing to find that the wording of the insurance contract was ambiguous and, therefore, should be liberally construed in favor of the insured.

It is a well settled rule that the terms of an insurance policy must be construed most liberally in favor of the insured and where the words of the policy are ambiguous or where they are capable of two reasonable interpretations that construction will be adopted which is most favorable to the insured. However, in cases where there is no ambiguity, contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense. If the intention of the parties is clear, the Courts have no authority to change the contract in any particular. The Court has no power to interpolate into the agreement between the insurer and the insured a condition or stipulation not contemplated either by the law or by the contract between the parties. *Quinn v. State Farm Mut. Auto. Ins. Co.,* 238 S. C. 301, 120 S. E. (2d) 15, and *Rhame v.*

*National Grange Mut. Ins. Co.,* 238 S. C. 539, 121 S. E. (2d) 94.

The construction of a written contract presents a question of law for the Court only when the contract is clear, unambiguous and free from doubt. Where there is ambiguity, uncertainty or doubt as to proper construction of the contract, intention of the parties becomes a question of fact for the jury to determine and for their aid resort will be had to extrinsic evidence to show the conditions surrounding the parties, the circumstances under which the contract was executed, as well as the negotiations between the parties leading up to the execution thereof. *Cooper & Griffin, Inc. v. Bridwell,* 177 S. C. 219, 181 S. E. 56; *Wheeler v. Globe & Rutgers Fire Ins. Co.,* 125 S. C. 320, 118 S. E. 609. In the Wheeler case, the Court employed this language:

"As a general rule, contracts are to be construed by the court; but where a contract is not clear, or is ambiguous and capable of one or more constructions, what the parties really intended, as a matter of fact, should be submitted to a jury."

We see no patent ambiguity in the language of the insurance contract, nor do we find in the stipulation any facts tending to prove any latent ambiguity upon the application of the wording to the factual situation here involved. Even if the contract were ambiguous, thus raising an issue of fact, there is no evidence tending to show that the real intention of the parties was to afford coverage under the facts of this case, and even if there were, since a jury was waived, any questions of fact were to be resolved and determined by the trial Judge. Again, we recur to the rule that this being an action at law, tried by agreement of the parties by a judge without a jury, any findings of fact on his part as to the true intent of the parties have the force and effect of a jury verdict. Upon the record before us, we cannot say that he made an erroneous finding of fact thereabout.

The exceptions of the appellant are overruled and it is the judgment of this Court that the judgment of the Greenville County Court be and it is hereby affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS. BUSSEY and BRAILSFORD, JJ., concur.