19439

MIDWEST MUTUAL INSURANCE COMPANY, Appellant, v.
FIREMAN'S FUND INSURANCE COMPANY, Respondent.
(189 S. E. (2d) 823)

534

*Donald V. Richardson, III, Esq.,* of *Whaley, McCutchen, Blanton & Richardson,* Columbia, for *Appellant,*

*Messrs. Turner, Padget, Graham & Laney,* of Columbia, for *Respondent,*

June 12, 1972.

Bussey, Justice:

In this action the plaintiff-appellant, Midwest, seeks to recover contribution from defendant-respondent, Fireman's, in the sum of $1,500.00, such being one-half of the amount paid by Midwest to one Stephen W. Towles, in settlement of an uninsured motorist claim. Fireman's demurred to the complaint of Midwest and answered, denying any liability. Such demurrer was argued and at the same time the cause was tried by the court on an agreed stipulation of facts. The trial judge overruled the demurrer but decreed judgment for Fireman's on a single ground, hereinafter discussed, and accordingly, found it unnecessary to rule on other defenses asserted by Fireman's.

In October, 1966, Stephen W. Towles, while riding upon a motorbike owned by one Hunt, was injured through the negligence of one Hiott, the driver of an uninsured motor vehicle. In force and effect was a liability policy issued by Midwest, insuring the motorbike and containing the statutory uninsured motorist endorsement, under which the said Stephen W. Towles was, of course, an insured. The said Towles resided in the household of his mother and was also afforded uninsured motorist coverage by virtue of a liability policy issued to his mother by Fireman's. The stipulation of facts reflects the injuries to Towles to have been substantial and his uninsured motorist claim was settled for the sum of $3,000.00 by Midwest on August 1, 1967.

Towles filed no claim against Fireman's, which company had no notice of the accident until March, 1969. On April 14, 1969, Midwest requested a contribution from Fireman's, which was declined and this litigation ensued.

Fireman's uninsured motorist endorsement contains, *inter alia,* the following:

"Other Insurance.   With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such auto-

mobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar bodily injury insurance available to him and applicable to the accident, the damages for bodily injury shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

We have previously held that similar clauses are not necessarily in conflict with our uninsured motorist act. *Whitmire v. Nationwide Mut. Ins. Co.,* 254 S. C. 184, 174 S. E. (2d) 391. A basic contention of Fireman's is that the motorbike upon which Towles was a passenger was "an automobile not owned by the named insured" within the meaning and intent of the first policy clause just above quoted, and that, hence, its coverage is excess to that of Midwest, with the result that it is not liable for one-half of the loss under the second or pro rata clause above quoted. The trial judge agreed with the foregoing contention of Fireman's and on that sole ground decided the cause on its merits favorably to Fireman's, expressly refraining from deciding on other interposed defenses.

The parties have cited numerous decisions from other jurisdictions dealing with whether or not a "motorcycle", or "motorbike" is included or embraced within the term "automobile" when used in an insurance policy. Quite variant results have been reached depending upon context, policy definitions, statutory definitions, and varying facts and circumstances. No useful purpose could be served, we think, by here reviewing any or all of such decisions. There is

nothing in the uninsured motorist act which requires or compels the word "automobile", as used in Fireman's excess clause, to be given anything other than its ordinary meaning. Such excess clause has no effect whatever, and, indeed, under the statute it could have no effect on the rights of the insured. The excess clause has a bearing only on rights and obligations as between Fireman's and any other insurer who might be involved. As was said in *Mittelsteadt v. Bovee*, 9 Wis. (2d) 44, 100 N. W. (2d) 376.

"The word automobile expresses its own meaning. To the average man and to the public mind it is common knowledge that the word automobile indicates a motor driven vehicle mounted on four wheels, and that a motorcycle indicates a motor vehicle mounted on two wheels. * * *

"The language used in the policy must be given its ordinary and common accepted meaning."

We quote the following from *Westerhausen v. Allied Mut. Ins. Co.*, 258 Iowa 969, 140 N. W. (2d) 719 (1966) :

"In most jurisdictions, unless by statute or contract, the term 'motorcycle' is not considered an automobile. See *Paupst v. McKendry*, 187 Pa. Super. 646, 145 A. (2d) 725, which cites the definition in Funk & Wagnall's Standard Dictionary, 1935 Ed., where in Vol. I it is stated that an automobile is a self-propelling four-wheeled vehicle. Also see annotations, 38 A.L.R. (2d) 882, § 10, and cases cited in Words and Phrases, Vol. 4, page 856, where automobiles and motorcycles are distinguished. Certainly a motorcycle is not known as an automobile in the general and popular sense of the term."

Had Fireman's intended or desired to make its coverage excess to other coverage in the event its insured was a passenger upon a non-owned "motorbike", it could and should have said so in plain language. It advances no logical reason why this Court should rewrite its policy provision giving to the term "automobile" other than its

ordinary and commonly accepted meaning. We conclude that the trial court in this respect reached an erroneous conclusion.

By way of an additional sustaining ground, the respondent urges that the trial court should have sustained its demurrer for insufficiency of facts to constitute a cause of action, in that "it is one brought by an insurance carrier which paid a claim under the uninsured motorist provision required by Section 47-750.33 of the Code of Laws of South Carolina, 1962, as amended, against a person other than the one cauing the injury to the insured to whom such claim was paid."

In accord with the actual language of the demurrer, it is argued that Midwest's statutory right of subrogation against the tortfeasor is its exclusive remedy. Such appears to have been the only contention urged before the trial court in support of the demurrer. Here, however, Fireman's argues additionally that there can be no right to contribution between insurers where "the liability of each is but a pro rata liability." Assuming that such contention was properly made below and preserved, which is, indeed, doubtful, there is admittedly some authority from other jurisdictions in support of such contention. Fireman's cites 8 Blashfield's Automobile Law and Practice, Sec. 345.11, and 7 Am. Jur. (2d) 546, Automobile Insurance, Sec. 203. There is likewise authority to the contrary. See *Meritplan Ins. Co. v. Universal Underwriters Ins. Co.,* 247 Cal. App. (2d) 451, 55 Cal. Rptr. 561.

Such authorities, however, are totally inapposite to the present case. Here the liability of each insurer to the insured was, perforce the statute, for the full amount of his loss within the statutory limit, not a pro rata portion thereof. The pro rata clause simply controls the rights and liabilities as between the two insurers. We see nothing in the uninsured motorist act which would evince an intent on the part of the legislature to make subrogation against the tortfeasor an exclusive remedy and thereby preclude or destroy either equitable or contract rights of an insurer to contribution. We conclude that the trial court

properly overruled Fireman's demurrer and the additional sustaining ground is without merit.

The holding of the lower court that Fireman's coverage was excess is reversed. The pleadings and the stipulation of facts, when considered together, leave some doubt as to what issues remain for determination below, but the cause is remanded for the determination of any remaining issues.

Reversed and remanded.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.