19597

Reginald BOYD, by his Guardian *ad Litem,* Benjamin Boyd, Respondent v. STATE FARM MUTUAL AUTOMOBILE INSURANCE, COMPANY, Appellant.

(195 S. E. (2d) 706)

*Robert A. McKenzie, Esq.,* of *Rogers, McDonald, Mc Kenzie and Fuller,* Columbia, *for Appellant,*

318

*Thomas H. Curlee, Jr., Esq.,* of *Lourie & Draine,* Columbia, *for the Respondent,*

March 28, 1973.

BRAILSFORD, Justice:

The minor plaintiff, while walking home from school, was hit and injured by a motorist who did not stop and has not been identified. Plaintiff's father, with whom he resided, was the named insured in two automobile liability insurance policies issued by the defendant, State Farm Mutual Automobile Insurance Company. In a John Doe action conforming to the uninsured motorist statute, plaintiff was awarded judgment for $33,000.00, from which no appeal was taken. State Farm paid plaintiff $10,000.00 claiming that this exhausted coverage afforded him as an insured under the two policies. Plaintiff brought this action seeking a declaration that the insurer owes him an additional $10,000.00. The circuit court found that the policies contained "other insurance" provisions which purported to limit the insurer's liability to $10,000.00, the maximum coverage extended by one policy. The court held, however, that these provisions must yield to the statutory requirement that each policy afford applicable coverage up to $10,000.00, and entered judgment accordingly. The insurer has appealed.

It is settled law that statutory provisions relating to an insurance contract are part of the contract, and that a policy provision which contravenes an applicable statute is to that extent invalid. *Pacific Ins. Co. of N. Y. v. Fireman's Fund Ins. Co.*, 247 S. C. 282, 147 S. E. (2d) 273 (1966) ; *Davidson v. Eastern Fire & Casualty Ins. Co.*, 245 S. C. 472, 141 S. E. (2d) 135 (1965). Hence, the dispositive inquiry is whether the "other insurance" provisions of these endorsements, which, if lawful, affectively limit the liability of the insurer in this case to $5,000.00 on each policy, are in derogation of the statute. They quite clearly are, if, as held by the circuit court, this statute requires that each policy afford

a minimum of $10,000.00 coverage for personal injury to one person.

Section 46-750.32, Code of 1962, Cumulative Supplement, prescribes minimum limits for automobile liability insurance policies of $10,000.00 for injury to or death of one person, $20,000.00 for injury to or death of two or more persons and $5,000.00 for injury to or destruction of property. Section 46-750.33, Cumulative Supplement, provides that "(n)o such (automobile liability) policy or contract shall be issued or delivered unless it contains . . . the uninsured motorist provision, undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of Section 46-750.32." We find no ambiguity in the language of the statute. To prohibit the issuance of any such policy without the prescribed minimum coverage is to require that each policy issued shall provide this coverage. The challenged provisions, under the facts of this case, would reduce the statutory minimum by one-half. To this extent, the "other insurance" provisions are in derogation of the statute and, therefore, invalid.

We have not heretofore been called upon to decide the precise point; however, the result which we reach was foreshadowed by our decisions in *Whitmire v. Nationwide Mutual Ins. Co.,* 254 S. C. 184, 174 S. E. (2d) 391 (1970), and *Midwest Mutual Ins. Co. v. Fireman's Fund Insurance Co.,* 258 S. C. 533, 189 S. E. (2d) 823 (1972). In both of these cases we recognized the validity of other insurance clauses of similar import when applied for the purpose of determining the liability of insurance companies between themselves, the minimum coverage provided by one policy being sufficient to pay in full the damages recovered by the insured in the tort action. We said in *Whitmire:* "To the extent that such provisions simply spell out, as applied to the facts of this case, which of the two insurers afforded primary

coverage and which afforded excess coverage, they do not have the effect of affording less coverage than is required by the uninsured motorist statute." 254 S. C. at 194-195, 174 S. E. (2d) at 396. *Midwest Mutual* was an action by one insurer for contribution from another for a loss paid under the uninsured motorist endorsement. We quote two excerpts from the opinion:

"Such excess clause has no effect whatever, and, indeed, under the statute it could have no effect on the rights of the insured. The excess clause has a bearing only on rights and obligations as between Fireman's and any other insurer who might be involved. . . .

". . . Here the liability of each insurer to the insured was, perforce the statute, for the full amount of his loss within the statutory limit, not a *pro rata* portion thereof. The *pro rata* clause simply controls the rights and liabilities as between the two insurers. . . ." 258 S. C. 533, 189 S. E. (2d) at 825-826.

Here, the obligation of the insurer under the terms of the statute is to pay plaintiff *all sums* which he is legally entitled to recover from the tortfeasor up to the limit of insurance provided by both policies. Since plaintiff's damages exceed the sum of available coverages, the "other insurance" provisions are ineffective.

We recognize the sharp split of authority in other jurisdictions on this issue. Annot., 28 A. L. R. (3d) 551 (1969). However, the terms of our own statute are controlling, and the applicable principle is that, in the absence of ambiguity or absurdity, a statute must be applied according to the clear meaning of its language. 17 West's South Carolina Digest, Statutes, Key No. 190 (1952). If the legislature did not intend the result dictated by the language of the statute, the remedy is by amendment. It does not lie with us.

As a distinct defense, State Farm challenges the validity of the uninsured motorist statute, which required it to furnish this coverage to its insureds at no charge, upon the ground that it "is required to pay to its insureds who are injured by uninsured motorists the amount of their damage for personal injuries and property damage within specified limits and for this insurance protection Defendant has no source of income and has sustained severe losses against which it has no hope of recoupment or recovery, and Defendant is informed and believes that the requirements set forth in the Motor Vehicle Safety Responsibility Act deprives Defendant of property without due process of law and amounts to a taking of private property for public use without just compensation which are in contravention of South Carolina Constitution, Art. 1 Sec. 5 and Art. 1 Sec. 17 and the United States Constitution Sec. 1 Amendment 14 and Amendment 5."

It is noteworthy that the constitutional attack is not related to the cumulative coverage issue. It is a broadside against the requirement of the statute, as written when this claim arose in 1969 (but since amended to allow premiums to be charged, Act No. 458, Acts of 1971) that this coverage be included in all automobile liability insurance policies at no additional charge. The statute, which was adopted in 1959, contemplated that the insurers would be reimbursed for their losses from fees charged registrants of uninsured motor vehicles. These fees were paid into an uninsured motorists fund which, after payment of certain expenses, was distributed annually to the insurers in proportion to the risks assumed. In case of a deficit, the Act provided that the difference should be paid to the insurers in any succeeding year in which the fund might have a surplus. Sec. 46-138.2 to 46-138.5, Code of 1962. In the light of unfavorable loss experience the uninsured vehicle fee was revised upward from an original $15.00 to $20.00 in 1963, to $50.00 in 1967 and to $100.00 in 1971.

State Farm has participated in this program from its inception and has accepted distributions from the uninsured motorists fund annually, both before and after the two policies sued upon were issued and the loss in question incurred. In this contract action on the insurance policies which it voluntarily issued for valuable consideration, State Farm has no standing to challenge the constitutionality of the uninsured motorist statute.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.