**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Petitioner,**

v.

**Robert A. TURNER, Respondent.**

No. B–4232.

Supreme Court of Texas.

June 19, 1974.

Rehearing Denied July 24, 1974.

Nations, Cross, Delhomme & Parnham, Howard L. Nations, Houston, for petitioner.

Krist & McConnico, Ronald D. Krist, Houston, for respondent.

PER CURIAM.

The Court of Civil Appeals has held that the stated policy limits of the uninsured motorist coverage provided by a single multi-car policy are to be "stacked" or "pyramided" where necessary to pay damages

the named insured is entitled to recover from an uninsured motorist as a result of a collision while the insured was driving or occupying one of the vehicles covered by the policy. Hartford Accident & Indemnity Co. v. Turner, Tex.Civ.App., 498 S.W. 2d 8. This is contrary to our recent decision in Westchester Fire Ins. Co. v. Tucker, Tex.Sup., 512 S.W.2d 679, there being no material difference in the essential facts or the relevant policy provisions. The medical payment benefits to which plaintiff is entitled were paid into the registry of the trial court, and the only question now in the case is the amount owing to plaintiff under the uninsured motorist coverage. Under the provisions of Rule 483, Texas Rules of Civil Procedure, we grant the application for writ of error and, without hearing oral argument, reverse the judgments of the courts below and remand the cause to the trial court for entry of judgment in plaintiff's favor for $10,000.00. Costs of appeal are adjudged against plaintiff, and costs in the trial court will be assessed by that court.

## ON MOTION FOR REHEARING

 Shortly after deciding Westchester Fire Ins. Co. v. Tucker, Tex.Sup., 512 S.W. 2d 679, we reversed the judgment of the Court of Civil Appeals in the present case and remanded the cause to the trial court for entry of judgment in favor of plaintiff Turner for $10,000.00. Our original opinion in *Tucker* noted that the declarations in the policies there under consideration stated only one limit of liability for each person and only one limit for each amount. In his motion for rehearing here, plaintiff Turner calls our attention to the fact that the declarations in his policy show separate limits of liability for each of the four scheduled vehicles. This does not, however, give rise to any ambiguity or uncertainty as to the upper limit of the insurer's liability for injuries sustained by one person as the result of any one accident. When all the policy provisions are considered, it is our opinion that the ques-

tion of "stacking" or "pyramiding" does not turn on whether the limits of liability are stated only once or separately for each scheduled vehicle. The reference to the single statement of policy limits has been deleted from our original opinion in *Tucker*.

The motion for rehearing is overruled. No further motion for rehearing will be entertained.