**AGRICULTURAL WORKERS MUTUAL AUTO INSURANCE COMPANY, Appellant,**

v.

**Walter Harold BATY, Jr., et al., Appellees.**

**No. 796.**

Court of Civil Appeals of Texas, Tyler.

Dec. 31, 1974.

Rehearings Denied Jan. 23, 1975.

**902**

Zeleskey, Cornelius, Rogers, Berry & Hallmark, Kenzy D. Hallmark, Lufkin, for appellant.

Fairchild, Hunt & Price, Robert L. Fairchild, Center, for appellees.

McKAY, Justice.

This is an action for damages under the uninsured motorist provisions of a Texas family automobile policy and also a claim under such policy for medical pay benefits. Trial was before the Court without a jury, and judgment was rendered for appellees for uninsured motorist benefits in the amount of $20,000, for medical pay benefits including penalty and interest of $1800, and for attorneys' fees of $625 through the trial court and $1000 through the Court of Civil Appeals in connection with the medical pay claim.

Appellant issued a policy of insurance to Walter Harold Baty, the named insured, which provided liability, medical pay and protection against uninsured motorist coverage on two automobiles belonging to Baty, such coverage being 10,000/20,000/5,000 on both

automobiles, and medical pay coverage being in the amount of $1000 for the first automobile and $500 for the second automobile.

Walter Harold Baty, Jr., the 13-year old minor son of the named insured, was a member of the household of his father.

On October 6, 1973, Walter Harold Baty, Jr. (hereinafter called Baty, Jr.), while riding a Honda motorcycle owned by him and registered in his own name, was struck by an automobile driven and owned by Randy Allen Martin on FM417 in Shelby County. At the time of the accident Martin was an uninsured motorist and the automobile he was driving was an uninsured automobile.

As a result of being struck by the uninsured automobile Baty, Jr. lost his entire left leg and left arm, suffered other severe injuries, and was damaged in excess of $20,000. Medical expenses were incurred in excess of $1500.

It was stipulated by all parties that the accident of October 6, 1973, between the automobile driven by Martin and the motorcycle on which Baty, Jr. was riding was proximately caused by the negligence of Martin, and that Baty, Jr. was in no way guilty of any act or omission proximately causing said accident or any damages re-

sulting therefrom. At the time of the accident Baty, Jr. did not have any license from the State of Texas or any other state for the operation of the motorcycle upon the public roads and highways of Texas.

By its first two points appellant contends that the trial court erred in rendering judgment for any amount for uninsured motorist benefits (1) because Baty, Jr., as a resident of the household of the named insured, was riding a motorcycle at the time of the accident, which motorcycle was owned by Baty, Jr., and it was not an insured vehicle under the policy; (2) because the motorcycle owned and operated by Baty, Jr. was excluded from the policies under the exclusions of Part IV.

Under the EXCLUSIONS portion of Part IV, Protection Against Uninsured Motorists, of the policy it is stated:

"EXCLUSIONS This policy does not apply under Part IV:

(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile * * *."

Endorsement No. 158K to the policy styled "Amendment of Family Protection Coverage, Protection Against Uninsured Motorists, and Insurance Against Uninsured Motorists" reads in part as follows:

"2. The term 'uninsured automobile'* includes an automobile** with respect to which there is a bodily injury liability insurance policy applicable at the time of the accident but *the company writing the same is or becomes insolvent.* (Emphasis added.)

" * The words 'uninsured highway vehicle' are substituted for 'uninsured automobile.'

" ** The words 'a highway vehicle' are substituted for 'an automobile' when this endorsement is used to amend Protection against Uninsured Motorists Insurance or Insurance Against Uninsured Motorists afforded under Standard Coverage Part."

Appellant maintains that the amendment by endorsement 158K to Part IV of the policy was intended to exclude the factual situation presented here, and that the exclusion provision, as amended by 158K should read:

"This policy does not apply under Part IV:

(a) to bodily injury of an insured while occupying a highway vehicle (other than an insured highway vehicle) owned by the named insured or a relative, or through being struck by such a highway vehicle."

Appellant argues that the insurance contract covered two automobile—a 1973 Oldsmobile and a 1971 Ford pickup, and a charge of $5.00 for the first vehicle and of $4.00 for the second vehicle was made for uninsured motorist benefits, and that the language in Endorsement 158K eliminates coverage of the minor, Baty, Jr., while he was riding upon the public highways on a motorcycle owned by him.

Appellees say that in an insurance policy the word "motorcycle" is not synonymous with the word "automobile", and that Endorsement 185K does not amend Part IV in its entirety by substituting "a highway vehicle" for "automobile" each place that word appears in Part IV of the policy.

■ It seems to be settled that a motorcycle is not an automobile, and is not included in the generally accepted meaning of the word "automobile". Texas Casualty Ins. Co. v. Wyble, 333 S.W.2d 668 (Tex. Civ.App.—San Antonio, 1960, no writ); Futrell v. Indiana Lumbermans Mutual Ins. Co., 471 S.W.2d 926 (Tex.Civ.App.—Houston 1st, 1971, no writ); The Members Mutual Ins. Co. v. Randolph, 477 S.W.2d 315 (Tex.Civ.App.—Houston 1st, 1972, writ ref'd, n. r. e.).

Neither appellant nor appellees cite us to a case construing the 158K Endorsement,

nor have we found one. The general rule of construction of contracts is that all parts of such contract are to be taken together, and the court shall give such meaning thereto as will carry out and effectuate the intention of the parties to the fullest extent. Royal Indemnity Co. v. Marshall, 388 S.W.2d 176 (Tex.1965). Insurance contracts are to be strictly construed against the insurer where the language of the contract is ambiguous or the policy terms are of doubtful meaning. Royal Ind. Co. v. Marshall, supra.

It is our opinion, looking at the contract under the "four corners" rule, that the 158K Endorsement language in Sec. 2 thereof with the changes by footnotes that the words "uninsured automobile" is to mean "uninsured highway vehicle," and that "an automobile" is to mean "a highway vehicle" was not intended to substitute these terms throughout Part IV of the policy. Art. 5.06–1 of the Insurance Code, V.T.C.S., in Section (2) provides for protection in the event of the insolvency of an insurer, and says in part:

"(2) For the purpose of this coverage, the term 'uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency * * *."

It appears that the language in Endorsement 158K was changed to a more comprehensive and inclusive term to more nearly conform to the statutory language on the Insolvency Protection. If it had been intended to make the substitutions of terms, i. e., from "uninsured automobile" to "uninsured highway vehicle," and "an automobile" to "a highway vehicle," apply throughout Part IV, then the policy could simply have so provided. Since the substitutions were limited by the Endorsement 158K to the insolvent insurer clause and the arbitration clause, we are of the opin-

ion that the provisions in Endorsement 158K were not intended to make such substitutions throughout Part IV of the policy. Therefore, Baty, Jr. is not eliminated from coverage by the exclusion clause.

The policy provides "To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom * * *." It also provides "insured" means the named insured and any relative. It would therefore appear that Baty, Jr., a minor member of the named insured's household, would have uninsured motorists coverage unless the exclusion clause eliminated him. We hold that the exclusion clause does not so eliminate him.

Appellants' points one and two are overruled.

Appellants' third point complains that the trial court erred in rendering a judgment for $20,000 for uninsured motorist benefits because such sum represents a stacking or pyramiding of coverages under one policy. We sustain this point.

We believe the recent decision of our Supreme Court in Westchester Fire Ins. Co. v. Tucker and Dhane v. Trinity Universal Ins. Co., Tex., 512 S.W.2d 679 (1974), forecloses the question of stacking in this case. The facts in Westchester Fire Ins. Co. v. Tucker and Dhane v. Trinity Universal Ins. Co., supra, were not the same as here in that the injured party in each of those cases was riding in an insured automobile, while Baty, Jr., was riding an uninsured motorcycle. Our interpretation of the *Tucker* and *Dhane* opinion, however, leads us to the conclusion that even though there are two or more vehicles insured under one policy a claimant for uninsured motorist benefits under such policy may not recover more than the stated policy limits of $10,000. American Liberty Ins. Co. v. Ranzau, 481 S.W.2d 793, 797, 798 (Tex.1972).

In Hartford Accident and Indemnity Co. v. Turner, Tex., 512 S.W.2d 687 (1974), the Supreme Court seems to agree with our interpretation by making their own in this language:

"The Court of Civil Appeals has held that the stated policy limits of the uninsured motorist coverage provided by a single multi-car policy are to be 'stacked' or 'pyramided' where necessary to pay damages the named insured is entitled to recover from an uninsured motorist as a result of a collision while the insured was driving or occupying one of the vehicles covered by the policy. * * * This is contrary to our recent decision in Westchester Fire Ins. Co. v. Tucker, Tex.Sup., 512 S.W.2d 679 * * *."

We see no essential difference on the issue of stacking whether the injured party was driving or occupying one of the insured vehicles. As the Court said in *Tucker:*

"Uninsured motorist coverage on only one automobile entitles the named insured and relatives to basic protection in the stated limits while occupying the insured vehicle or a non-owned automobile, *or while not occupying an automobile."* (Emphasis added.)

 In its last point appellant complains of the award of attorneys' fees in connection with the medical pay provisions as being excessive and so against the overwhelming great weight and preponderance of the evidence as to be manifestly unjust and wrong. The trial court awarded attorneys' fees of $625 through the trial court and $1000 through the Court of Civil Appeals. The judgment for appellees for medical pay was $1500 plus penalty and interest, making the total recovery in the judgment the sum of $1800.

This was a non-jury case and the trial court heard evidence on the question of attorneys' fees. Tom McLeroy, a practicing attorney in Shelby County, testified he considered $1250 to be a reasonable fee on the medical claim, and that an additional fee of $500 would be reasonable if the case was appealed to the Court of Civil Appeals. In view of this testimony the record contains some evidence of probative force supporting the judgment for attorneys' fees as awarded. There is no other evidence on this point in the record.

While the attorneys' fees may be somewhat high in view of the amount awarded on the medical pay provision, the appellant has failed to discharge its burden of showing that the amount is excessive. International Security Life Ins. Co. v. Spray, 461 S.W.2d 176, 177 (Tex.Civ.App.—Eastland, 1970) affirmed, Tex., 468 S.W.2d 347. In Texas the award of an attorneys' fee is a fact question for the trial court. This point is overruled.

The part of the judgment awarding appellees $20,000 for uninsured motorist coverage is reversed and judgment is here rendered for appellees for such coverage in the amount of $10,000. In all other respects the judgment is affirmed.

Reversed and rendered in part and affirmed in part.