**John E. PAUL, Plaintiff,**

v.

**The HARTFORD ACCIDENT AND IN-DEMNITY COMPANY, Defendant.**

**Civ. A. No. 77–1230.**

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 10, 1977.

Robert E. Stepp, McNair, Konduros, Corley, Singletary & Dibble, Columbia, S. C., for plaintiff.

Donald V. Richardson, Richardson, Plowden, Grier & Howser, Columbia, S. C., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HEMPHILL, District Judge.

On September 12, 1977, defendant moved for summary judgment on the ground that plaintiff is not entitled to any relief for damages because the defendant does not afford automobile liability coverage to plaintiff while operating a nonowned motorcycle, since such vehicle is not within the coverage of the policy. This brings the critical issue of this lawsuit, originally filed in the Court of Common Pleas for Richland County, South Carolina, and duly removed to this court on June 30, 1977. In the original complaint, apparently filed in the State Court on June 21, plaintiff alleged that he purchased a policy of insurance from defendant, same being liability insurance and that the premiums therefor were paid; that a part of the contract was that defendant agreed to pay on behalf of plaintiff all sums which plaintiff should become legally obligated to pay as damages because of bodily injury or property damage arising out of the use of a nonowned automobile; that on August 31, 1973, plaintiff was involved in an accident resulting in bodily injury to another while plaintiff was driving a nonowned automobile and as a result of ensuing litigation is the target of a judgment in the amount of $30,000.00 plus costs, interest and expenses, which defendant has refused to pay. Plaintiff sues for actual and punitive damages arising out of the alleged breach of contract, etc.

Attached to the response of plaintiff to the motion for summary judgment is a copy of a complaint filed in the Court of Common Pleas for Richland County, South Carolina, entitled "*Viola Campbell, plaintiff, vs. John E. Paul and William Mixon, defendants,*" bringing suit against the defendants for the injury to plaintiff, who claims she was working in the yard of a friend, near Eastover, South Carolina, when defendant Paul, operating a Honda Motorcycle owned by defendant Mixon, ran into the yard and ran over the plaintiff. Thus, it is not disputed that the motor vehicle involved was a nonowned motor vehicle insofar as the plaintiff and defendant were concerned.

Under the clear and undisputed terms of the policy contract that defendant issued to plaintiff, known as the Family Automobile Policy, one finds the following:

Section I–3. Persons Insured: The following are insureds under Section I:

(b) With respect to a non-owned automobile,

(1) the named insured,

.    .    .    .    .

4. Definitions: Under Section I:

"non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, .    .    .."

Defendant contends that it is clear from the foregoing policy provisions that the only extended coverage applicable in this case is to automobiles and that extended coverage is not made to motorcycles because of the definition involved.

In *Willis v. Fidelity and Casualty Co. of N. Y.*, 253 S.C. 91, 169 S.E.2d 282 (1969) holds that what is now Section 56–9–820 of the 1976 South Carolina Code does not require an extension of the coverage provided for in the issued policy to the driver of a nonowned automobile.

We find no such requirement in the statutory language. The relevant section pertains to insurance contracts against 'liability arising from the ownership, maintenance or use of any motor vehicle, * * * issued or delivered in this State to the owner of such vehicle, or * * * issued or delivered * * * upon any motor vehicle then principally garaged or principally used in this State * * *.' It only requires that such contracts insure 'the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles * * *.' The word such, as used in the phrase, 'such motor vehicles,' has the connotation of aforementioned, i. e., those vehicles described in liability policies issued in this State. The prescribed coverage is required only as to liability arising from the ownership, maintenance or use of 'such (insured) vehicles.'

Since the Act did not require the insurer to afford liability coverage with respect to a motor vehicle not described in the policy, this part of the insuring agreement was a voluntary contract as to which the parties were free to choose their terms. There was no conflict between the controlling exclusionary clause and the Act. (at 284)

In *Robinson v. Georgia Casualty and Surety Company*, 235 S.C. 178, 110 S.E.2d 255 (1959), the court, in holding that the statutory provisions did not apply to extended coverages, said:

As stated by the writer of the Annotation appearing in 34 A.L.R.2d at page 938, no citation of authority is required to support the proposition that in the absence of a provision for the extension of coverage of an automobile liability or indemnity policy to automobiles other than those described in the policy, or of specific approval of the change, the insurer does not cover the insured's liability resulting from the use of such other automobiles. * * * (at 259)

Additionally, in *State Farm Mutual Automobile Ins. Co. v. Nationwide Mutual Ins. Co.*, 349 F.Supp. 158 (D.S.C.1972), the court addressed this issue citing *Crenshaw v. Preferred Risk Mutual Ins. Co.*, 259 S.C. 302, 191 S.E.2d 718 (1972). This is also the statutory law in South Carolina, Section 56–9–20(d), South Carolina Code of Laws, 1976.

■ In *Willis, supra,* the court held that there is no requirement in the Vehicle Safety Responsibility Act for an insurance company to extend any coverage to the insured for driving nonowned automobiles. Further, any exclusion within this extended coverage is a valid policy provision. Where the person for whom coverage is sought is not driving a vehicle described in the policy, he or she is not an insured under the policy. Of course the policy may include a vehicle by specific or reference language or by force of statute, but the language of inclusion must exist to afford coverage.

■ The Second Issue to be confronted by this court is whether the nonowned automobile coverage afforded by this policy covers the use of nonowned motorcycles. In order for the plaintiff to come within the coverage of the policy, the motorcycle which he was operating must be considered within the meaning of "automobile" as used in the definition set forth above.

The case of *Midwest Mutual Insurance Company v. Fireman's Fund Insurance Company*, 258 S.C. 533, 189 S.E.2d 823 (1972) is controlling in this instance. The court was presented with the precise question of whether or not a motorcycle was

included in the term "automobile." The named insured of Fireman's Fund was involved in a collision on a nonowned motorbike which was insured by Midwest. Both Midwest and Fireman's Fund afforded uninsured motorist coverage, but Fireman's Fund claimed its coverage was excess under the following terms of its uninsured motorist agreement:

> With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under this endorsement shall apply only as excess . . .

The trial judge agreed with the contention that the motorbike on which injured was riding was "an automobile not owned by the named insured", but the appellate court reversed, saying: "The word automobile expresses its own meaning." The appellate court held that such an excess provision was not in conflict with the Uninsured Motorist Act. The court, in quoting *Mittelsteadt v. Bovee*, 9 Wis.2d 44, 100 N.W.2d 376, stated:

> To the average man and to the public mind it is common knowledge that the word automobile indicates a motor driven vehicle mounted on four wheels, and that a motorcycle indicates a motor vehicle mounted on two wheels. (189 S.E.2d at 825.)

The court further stated the following:

> Had Fireman's intended or desired to make its coverage excess to other coverage in the event its insured was a passenger upon a non-owned 'motorbike', it could and should have said so in plain language. It advances no logical reason why this Court should rewrite its policy provision giving to the term 'automobile' other than its ordinary and commonly accepted meaning. (189 S.E.2d at 826.)

It is obvious that the language in the policy must be given its ordinary and commonly accepted meaning. Decisions from other jurisdictions amply support this and support the interpretation given by the South Carolina Court in *Fireman's Fund, supra.* See *Agricultural Workers' Mutual Auto Ins. Co. v. Baty*, 517 S.W.2d 901, 904 (Tex.Civ.App.); *Kennedy v. Fireman's Fund American Ins. Companies*, 82 Misc.2d 67, 365 N.Y.2d 132; *Loftus v. Penn. Life Ins. Co.*, Fla.App., 314 So.2d 159, 160 (1975); *LaCosta v. Prudential Insurance Co. of America*, 50 Cal.App.3d 526, 123 Cal.Rptr. 368, 369, and other cases found and quoted in Words and Phrases, Volume 4A.

This court has carefully reviewed the Memorandum prepared by the plaintiff, insisting that an ambiguity exists in the policy. This court finds no ambiguity but does find that the language means what it says. Plaintiff cites *Garrett v. Pilot Life Ins. Co.*, 241 S.C. 299, 128 S.E.2d 171 (1962), and there the court finds that South Carolina holds that if the intention of the parties is clear, the courts have no authority to change the contract in any particular.

■ Of course there is always the temptation to "construe the policy liberally", as stated in *Garrett*, but construing liberally does not mean, or direct, that the court invents synonyms for the purpose of construction. The burden was on the plaintiff to show that he came within the terms of the policy. This he could not and did not do and defendant is entitled to summary judgment.

The Clerk shall enter summary judgment for the defendant.

AND IT IS SO ORDERED.