20664

Nancy STEVENSON, Respondent, v. James B. ELLISOR, G. P. Callison, Margaret Townsend, Sylvia A. McCullough, James Brown, and Zilla Hinton, members of the State Election Commission, Appellants.

(243 S. E. (2d) 445)

∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎

---

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. C. Tolbert Goolsby, Jr., Asst. Atty. Gen. Treva G. Ashworth* and *Staff Atty. David C. Eckstrom,* Columbia, *for appellants.*

*N. L. Barnwell* of *Barnwell, Whaley, Stevenson & Patterson,* Charleston, *for respondent.*

April 13, 1978.

Ness, Justice:

This is a declaratory judgment action by respondent Nancy Stevenson against members of the State Election Commission to determine whether she may use the name "Nancy" rather than her given name "Ferdinan" on the general election ballot. The trial court concluded respondent is entitled to have the name Nancy Stevenson printed on the ballot. We affirm.

Appellants assert the requirement of Section 7-13-320 of the South Carolina Code of Laws (1976) that the candidate's "name" shall be placed on the ballot refers to the Christian or given name. We disagree.

In construing statutes, words are to be given their plain and ordinary meaning. *McGlohon v. Harlin,* 254 S. C. 207, 174 S. E. (2d) 753 (1970); *Boyd v. State Farm Mutual Automobile Ins. Co.,* 260 S. C. 316, 195 S. E. (2d) 706 (1973). Generally, a person's name is "the designation by which he is known and called in the community in which he lives and is best known." 57 Am. Jur. (2d), Name, § 2, p. 275, citing *Miller v. George,* 30 S. C. 526, 9 S. E. 659 (1889).

We do not believe the word "name" is synonymous with "Christian name." Appellants' construction renders meaningless the adjectives "given" or "Christian" as they are used to modify the noun "name."

The legislature could have employed the phrase "Christian name" or "given name" in Code Section 7-13-320; instead, they chose the general word "name." We decline to interpret that term in a manner inconsistent with its plain, everyday meaning.

Our resolution of this question is guided by the general law as stated in 26 Am. Jur. (2d), Elections, § 218, p. 48:

"The word 'name,' as used in statutes providing for the designation of candidates on official ballots, should be taken in its plain, ordinary, and usual sense. Thus, a person's name is the designation by which he is commonly known and the one by which he knows himself and others call him. A candidate is entitled to have the name he has adopted, and under which he transacts private and official business, printed on the official ballot, provided he acts in good faith and with honest purpose."

Appellants rely on opinions of the Attorney General that a nickname cannot be placed on ballot. See 1959-60 Op.

Atty. Gen., No. 93, p. 200; 1963-64 Op. Atty. Gen., No. 1741, p. 239; 1967-68 Op. Atty. Gen., No. 2489, p. 161. Those opinions are not dispositive of the issue presented here, and this decision does not extend to the use of nicknames on the ballot. Nicknames, bearing no relation to a person's given name, remain outside the scope of Code Section 7-13-320.

The trial judge found that "Nancy" is a derivative of respondent's given name "Ferdinan," and that respondent is usually and commonly known as Nancy. He concluded the opinions of the Attorney General restricting the use of nicknames should not bar the use of a derivative of one's given name, properly acquired under the common law and used in good faith for honest purposes. We agree.

Respondent's given name "Ferdi*nan*" contains the first three letters of the name *"Nan* cy." It is therefore a derivative, albeit a less common one, just as *"Ric* k" is a derivative *"Ric* hard" and *"Su* e" is a derivative of *"Su* san." See: *The Oxford Dictionary of English Christian Names* 118 and 126 (1947).

We conclude a derivative of one's given name, properly acquired under the common law and used in good faith for honest purposes is not proscribed by Code Section 7-13-320.

Affirmed.

LITTLEJOHN, RHODES and GREGORY, JJ., concur.

LEWIS, C. J., concurs in result.