617 S.E.2d 385

**Ray Allen WATERS, Appellant,**

v.

**SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY and Mitchell Harvey Bridwell, Respondents.**

**No. 4005.**

Court of Appeals of South Carolina.

Heard May 11, 2005.

Decided June 27, 2005.

Rehearing Denied Aug. 26, 2005.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

520

William H. Ehlies, II, of Greenville, for appellant.

Ronald S. Clement, Samuel W. Outten, and Jennifer S. Barr, of Greenville, for respondent.

WILLIAMS, J.:

Ray Allen Waters appeals a circuit court's grant of summary judgment to Southern Farm Bureau Life Insurance Company and Mitchell Harvey Bridwell. We reverse and remand.

## FACTS

In 1986, Appellant phoned Southern Farm Bureau Life Insurance Company ("Southern Farm") to establish an insurance policy on the life of his wife, Brenda Waters. An agent of Southern Farm visited the Waters' home and conducted an interview of Appellant and his wife. During the course of the interview, the agent filled out the required application form on behalf of the couple. Brenda Waters was designated in the application as the owner and insured of the policy and Appellant as its sole beneficiary. The application contained the following statement, prompting the applicant to mark one of two boxes: "Owner does / does not reserve the right to change the Beneficiary." Neither box was marked on the application

form. The agent submitted the application to Southern Farm and the life insurance policy was later issued. The policy incorporated the application as part of the contract for insurance.

In 1999, Appellant and Brenda Waters separated. Mrs. Waters, who was then suffering from brain cancer, moved in with her mother. In July 1999, she submitted a "Change of Beneficiary" form to Southern Farm designating her brother, Richard Bridwell, as the new beneficiary. In February 2000, Mrs. Waters submitted another "Change of Beneficiary" form amending the policy to designate Mitchell Bridwell, another brother, as the sole beneficiary. Southern Farm complied with both requests, as confirmed by two change of beneficiary notices sent to Mrs. Waters.

In October 2000, Brenda Waters passed away. Appellant attempted to collect on the Southern Farm life insurance policy, but the proceeds were paid to Mitchell Bridwell in accordance with the last change of beneficiary request. Appellant brought suit, arguing the insurance contract was breached by denying a non-revocable beneficiary the proceeds of the policy. The circuit court granted Southern Farm's motion for summary judgment, concluding that the undisputed evidence reflected the parties' intent that the owner could change the beneficiary and that Mrs. Waters had not waived her right to do so. After Appellant's motion to alter or amend the circuit court's order was denied, the present appeal was filed.

## SCOPE OF REVIEW

■ "The purpose of summary judgment is to expedite the disposition of cases which do not require the services of a fact finder." *George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001). When reviewing the grant of a summary judgment motion, this court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).

In determining whether a triable issue of fact exists, the evidence and all factual inferences drawn from it must be viewed in a light most favorable to the nonmoving party. *Sauner v. Pub. Serv. Auth.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003). Even if there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied. *Baugus v. Wessinger*, 303 S.C. 412, 415, 401 S.E.2d 169, 171 (1991).

## LAW / ANALYSIS

Appellant argues the circuit court erred in granting Southern Farm's motion for summary judgment because the owner's failure to declare her intention on the application regarding the right to change the beneficiary gives rise to an ambiguity in the insurance contract. We agree.[1]

When an insurance policy does not reserve to the insured the right to change the beneficiary, "the beneficiary, upon the issuance of the policy, acquires a vested interest in the proceeds of the insurance when available according to the terms of the policy, which cannot be divested by any act of the insured." *Antley v. New York Life Ins. Co.*, 139 S.C. 23, 27, 137 S.E. 199, 200 (1927). Of course an insured may expressly reserve the right to change the beneficiary, as was clearly contemplated by the ignored prompt in the application of the present case. The right to change the beneficiary, however, may also be reserved by the language of the policy itself. *See Bost v. Volunteer State Life Ins. Co.*, 114 S.C. 405, 409, 103 S.E. 771, 772 (1920). Because the owner failed to expressly indicate her intention to reserve or not to reserve this right in the present case, we look to the language of the policy for guidance.

The insurance policy in question addresses the right to change the beneficiary in three instances, two of which seem to reserve the right of the insured to change the beneficiary and one which seems to require that the right be expressly reserved upon application. The schedule page of the policy defines the beneficiary as the person "named in the application, **unless changed by owner.**" (Emphasis added). Section

---

1. Appellant first argues we should reverse the circuit court and rule in his favor as a matter of law. For the reasons set forth in this opinion, we instead find an issue of fact for determination by a jury.

7.1 of the policy, which contains the heading "BENEFICIA-RY," likewise states "[t]he Primary and Contingent Beneficiary are as named in the application, **unless changed by the owner.**" (Emphasis added). Section 7.3, however, states, "**[i]f the right to change the Beneficiary has been reserved,** the owner may change the Beneficiary during the Insured's lifetime by filing written notice to the Company." (Emphasis added). Consequently, we find ambiguity in the language of the insurance contract. While Section 7.3 seems to require an express reservation on the part of the applicant, Southern Farm promptly granted both of Mrs. Waters' requests to change the policy's beneficiary, further confounding the parties' intent regarding this issue.

 "Where there is ambiguity, uncertainty or doubt as to proper construction of [an insurance] contract, intention of the parties becomes a question of fact for the jury to determine." *Garrett v. Pilot Life Ins. Co.,* 241 S.C. 299, 305, 128 S.E.2d 171, 174 (1962). After a consideration of extrinsic evidence, the jury is to resolve all remaining ambiguity in favor of the insured, in this case, the late Brenda Waters. *Id.* at 304–305, 128 S.E.2d at 174. For the foregoing reasons, the circuit court's grant of summary judgment is

**REVERSED AND REMANDED.**

ANDERSON and STILWELL, JJ., concur.