THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 United of Omaha
 Insurance Company, Plaintiff
 
 
 

v.

 
 
 
 Elaine Helms
 and Linda R. Cowart, Defendants,
 Linda R.
 Cowart, Cross Plaintiff
 
 
 

v.

 
 
 
 Elaine Helms,
 Cross Defendant,
 Of whom Linda
 R. Cowart is the, Appellant,
 
 
 

and

 
 
 
 Elaine Helms is
 the, Respondent.
 
 
 

Appeal From Horry
 County
 Honorable Thomas A. Russo, Circuit Court
 Judge

Unpublished Opinion No.  
 2009-UP-261
 Submitted May 1, 2009  Filed June 1, 2009
 Withdrawn, Substituted and Refiled August 25, 2009

AFFIRMED

 
 
 
 E. Windell McCrackin, of Myrtle Beach, for Appellant.
 Elaine Helms, of Lancaster, pro se.
 
 
 

PER CURIAM: Linda
 Cowart (Cowart) appeals the circuit courts determination Elaine Helms is
 entitled to the benefits of William Cowarts life insurance policy (the
 Policy).  We affirm. [1]
Omaha Life Insurance (Omaha) issued William B. Cowart (decedent)
 the Policy in the amount of $30,000.  Decedent was the named
 applicant.  Originally, Cowart, decedents wife, was the named beneficiary
 under the Policy.  However, decedent later executed a change of beneficiary form, naming Helms, his sister, the
 beneficiary.  Following decedents death, Omaha filed an interpleader action, requesting permission to deposit the  proceeds from the Policy with the Horry County
 clerk of court.  After a hearing, the circuit court determined decedent, as owner of the Policy, executed a proper change of
 beneficiary and Helms is entitled to the Policy proceeds. We find the circuit
 court properly determined from the Policy language decedent was the owner of
 the Policy and Helms is entitled to the Policy proceeds.  
Insurance
 policies are subject to general rules of contract construction and courts must
 enforce, not write, contracts of insurance and must give policy language its
 plain, ordinary, and popular meaning.  Fritz-Pontiac-Cadillac-Buick v. Goforth, 312 S.C. 315, 318, 440 S.E.2d 367,
 369 (1994) [T]he terms of an insurance policy must be construed most
 liberally in favor of the insured and where the words of a policy are ambiguous
 or where they are capable of two reasonable interpretations that construction
 will be adopted which is most favorable to the insured.  Garrett v. Pilot Life Ins. Co., 241 S.C. 299, 304, 128
 S.E.2d 171, 174 (1962).   The right to change the
 beneficiary may be reserved by the language of the policy itself.  Waters
 v. S. Farm Bureau Life Ins. Co., 365 S.C. 519, 523-24, 617 S.E.2d 385,
 387-88 (Ct. App. 2005) 
Cowart
 argues she is the owner of the Policy, and therefore, decedents change of
 beneficiary form is invalid, making her entitled to the Policy proceeds. 
 The Policy defines owner as (a) the Insured, (b) the applicant if a person
 other than the Insured applied for this policy, or (c) the assignee of record
 in the case of an assignment of ownership.[2]  The Policy language itself reserves
 the right of the insured to change the beneficiary.  The beneficiary under
 the Policy named in the application may be changed as described in the Policy
 unless the owner states it is irrevocable.  A change in beneficiary under
 the Policy must be made in writing and is effective the date the owner signs
 the request once it is recorded and acknowledged by [Omaha.]  
Here, decedent is both the insured and the applicant on the Policy. 
 Additionally, his signature appears on the application form.  Furthermore,
 the change of beneficiary form bears decedents signature as the Policy
 owner.  As owner of the Policy, decedent executed a proper change of
 beneficiary form which effectively changed the beneficiary from Cowart to
 Helms.  Consequently, at the time of decedents death, Helms was the
 recorded beneficiary.  Therefore, the circuit court did not err in determining
 decedent was the owner of the Policy and in finding Helms, not Cowart, was
 entitled to Policys benefits.  
AFFIRMED.
HUFF, PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Cowart does not argue there was an assignment of
 ownership.